[No. 3,160.]

## CHARLES WITTE *v.* PIERRE VINCENOT.

NEGOTIABLE INSTRUMENTS—PASS BOOK WITH BANK.—A by-law of a savings bank, assented to by its depositors, that the pass book of each depositor containing his account shall be transferable to order, does not render such pass book a negotiable instrument, and even if it did make it a negotiable instrument between the parties, it would not be so as to third parties.

GARNISHMENT OF MONEY IN SAVINGS BANK.—A savings bank cannot avoid its liability to pay over the money of a depositor, on a garnishment at the suit of the depositor's creditor, on the ground that its by-laws, assented to by the depositor, make his pass book, in which his account is kept, transferable to order.

PASS BOOK OF BANK.—A pass book of a depositor in a bank in which his account is kept is not a negotiable instrument in a commercial sense, nor can the agreement of the parties make it so.

NEGOTIABLE SECURITY.—The character of a security, as being negotiable or otherwise, must appear, not by force of the stipulation of the parties that it shall be such, but must be implied by law as the result of the form and effect of the security itself.

AGREEMENT BETWEEN PARTIES TO INSTRUMENT.—An agreement between the parties to an instrument, that it may be transferred to order, is not an agreement that it shall become a negotiable instrument.

BANK ACCOUNT NOT NEGOTIABLE.—A mere agreement between a bank and its depositors cannot impart the character of negotiability to a mere deposit account, not of itself a negotiable instrument under the law merchant.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion.

*Gallagher & Pierson*, for Appellant.

We think the case falls within all the reasoning of the cases of *McMillan* v. *Richards*, 9 Cal. 365; *Gregory* v. *Hig-*

*gins,* 10 Cal. 340 ; *Sheets* v. *Culver,* 14 La. 449 ; *Kimball* v. *Plant;* id. 511; *Denham* v. *Pogue,* 20 La. An. 195; *Timmins* v. *Johnson,* 15 Iowa, 7 Wright, 23; *Church* v. *Simpson,* 25 Iowa, 408; *Weil* v. *Tyler,* 38 Mo. 558; *Mims* v. *West,* 38 Ga. 18. It is true that these cases are all based upon the principle that the instrument was a negotiable one ; but, under our statute, all instruments that can be assigned are made negotiable. (1 Hitt. Dig. Arts. 371, 372.) Thus bringing this case directly within the principle enumerated in those cases.

*George & Loughborough,* for Respondent.

The Act of April 20th, 1850, relative to bonds and other unnegotiable instruments (1 Hitt. Dig. Art. 371, et seq.), merely makes assignable certain instruments that are not negotiable, provides how the assignment may be made, and permits an action to be brought in the name of the assignee. The Act not only fails to confer upon unnegotiable instruments the privileges which belong to negotiable paper under the law merchant, but expressly withholds them, and saves to the defendant, in an action brought by the assignee, any defense which he might have had against the assignor before the assignment or notice thereof.

The appellant has no right to legislate for the protection of the assignees of its depositors; and even where similar institutions have bargained for their own protection, by requiring a return of the pass book before the deposit could be withdrawn, the Courts have held them liable as garnishees, though the pass book was not produced, nor any evidence given of its loss. (*Nichols* v. *Schofield,* 2 Rhode Is. R. 123; *Clapp* v. *Hancock,* 1 Allen, 394.)

Even if the pass book had been assigned, payment by the garnishee to the Sheriff without notice of the assignment would be a sufficient discharge, and this protection is all that the garnishee can require. (Practice Act, Sec. 5; id.

Sec. 130; 1 Hit. Dig. 373; Drake on Attachment, Sec. 575; *Nichols* v. *Schofield*, supra; *Clapp* v. *Hancock*, supra.)

By the Court, WALLACE, C. J.:

In January, 1871, the plaintiff commenced an action of assumpsit against the defendant, and in the following July obtained judgment against him for some five hundred and fifty dollars, and costs of suit. Upon filing the complaint a writ of attachment was issued, under which writ the Sheriff duly attached all moneys of the defendant in the hands of an incorporated savings and loan society in San Francisco called "La Societe Francaise d'Epargnes et de Prevoyance Mutuelle," in which bank the defendant was a depositor. Upon the service of the writ of attachment the bank gave answer as follows: "There are six hundred dollars standing to the credit of P. Vincenot on the books of the society, for which he holds a pass book. I do not know if said pass book has been assigned or not. On the presentation of said pass book the amount will be paid to the holder thereof."

Upon rendition of the judgment an execution was issued, and being levied upon the moneys in the hands of the bank, an order was subsequently obtained to examine its manager before the Court Commissioner touching the moneys of the defendant on hand. Upon this examination it was disclosed that by the books of the bank it appeared that some six hundred dollars and upwards remained on hand to the credit of the defendant. It further appeared that among the by-laws of the bank were the following:

"Art. 13. A pass book with a copy of these by-laws annexed is delivered to each depositor at the price of fifty cents, payable into the Sinking Fund. In this pass book is entered to the credit of the depositor all sums deposited by him, and to his debit all sums reimbursed to him. Pass books are transferable to order."

"Art. 78. Every member must, by subscribing to the present by-laws, declare that he, without reserve, accepts the same in their entirety as the rule governing his rights and duties toward La Societe Francaise d'Épargnes et de Prevoyance Mutuelle."

It was also stated by the manager upon his examination that he could not say whether or not the bank owed the defendant any money; that the defendant, as a depositor, held a pass book, transferable like a note drawn to order, and that it was not known whether or not the defendant had made a transfer of his pass book; that though the bank had not, in this instance, received any notice of the transfer, still, if such transfer should turn out to have been actually made, the bank would have to pay the bearer the amount shown upon the book; that there was no by-law or rule of the bank requiring notice to be given to it of the fact of transfer of a pass book. The pass book of the defendant is in the following form:

| La Societe Francaise d'Epargnes et de Prevoyance Mutuelle. | | | In account with Pierre Vincenot. | | |
|---|---|---|---|---|---|
| Dr. | | | | | Cr. |
| | | | | | |

In the front of the book, and attached thereto, is the form of a printed order as follows:

" Order for Money on Deposit.

" Societe Francaise d'Epargnes et de Prevoyance Mutuelle.

"SAN FRANCISCO, Cal.

"Pay to —— or order the sum of—— dollars standing to my credit on the books of said Society, and charge the same to my account.

"Dated the —— day of ——, 187—."

An order having been subsequently entered by the Court that the bank pay over to the Sheriff such portion of the moneys in its hands standing to the credit of the defendant as would satisfy the judgment and costs, it prosecutes this appeal from the order.

First—It is claimed for the bank that its indebtedness to the defendant, as one of its depositors, shown by the pass book delivered to him, must be considered to be an indebtedness evidenced by a negotiable instrument issued by the bank, and yet outstanding, and that it results that the proceedings had under the attachment were ineffectual. It is said that the by-law which authorized the pass book to be transferred " to order " constituted it a negotiable instrument, and the moneys thereupon appearing to be owing must be considered as moneys owing upon an outstanding negotiable security.

But we are of opinion that this view cannot be supported. Even supposing that the by-laws in question fairly import an attempted agreement to that effect between the bank and each individual depositor, it is clear that such an agreement, if it could operate between the parties, could not defeat the rights of any one not a party to the agreement— as the plaintiff here. The character of a security, as being negotiable or otherwise, must appear not by force of the mere stipulation of the parties that it shall be such, but

must be implied by law as the result of the form and effect
of the security itself. The pass book of the bank here is an
account kept between the bank and the depositor—an ac-
count acknowledged and certified from time to time, show-
ing the business transactions of the parties with each other
at those periods, and carrying upon its face a fluctuating
balance. As being such an account it is not of itself a
negotiable instrument, nor could any mere agreement of
the parties to it have the effect to invest it with that
character in a commercial sense. In this respect the ac-
count shown in the pass book is not to be distinguished
from the account of a merchant or tradesman kept with his
customer in the same way, nor would the agreement of the
parties to such account, that the account itself might be
transferred " to order," have any more effect upon the rights
and remedies of any third party in the one case than in the
other.

Second—But were this otherwise, we see nothing in the
by-laws of the bank which imports such an agreement.
Counsel claim that the pass book " under the by-laws of the
bank was made payable *to order*, or, in other words, *negotia-
ble.*" We are unable to assent to this view.

That a negotiable instrument may be transferred " to
order " is clear; but it does not follow that every instrument
which may be transferred " to order " is thereby necessarily
become a negotiable instrument. A collateral agreement
between the parties that an instrument of writing, not nego-
tiable, might be transferred by the holder to order, would
not alter the character of the instrument itself.

That a negotiable instrument may be transferred by in-
dorsement is also a general rule; but that every instrument
transferable in that manner is necessarily negotiable in the
commercial sense is not true. Non-negotiable instruments
are transferable by assignment; but in this State such
assignment may be effected by indorsement, " in the same

manner as bills of exchange are." (Hitt. Gen. Laws, Sec. 372.) The bank here and the depositors might, for their own convenience, and as between themselves, agree upon any method of transfer of deposit books—they might adopt the method usually pursued with reference to negotiable paper, or they might require the transfer to be attested and acknowledged with the formalities and solemnities requisite in a conveyance of real estate—these are mere regulations of their own business transactions *inter sese;* but whatever the method authorized by their by-laws, these cannot impart the character of negotiability to a mere deposit account, or to any other writing not of itself a negotiable instrument under the general law merchant, or by the statutes of the State.

The order is affirmed.