Opinion
COLE, P. J.—
This appeal presents a question of first impression in California: May the creditor of an insured execute upon the cash surrender value of life insurance policies by garnishing the insurer where the insured has not exercised his option to surrender the policy? We hold that execution does not lie.
*Supp. 8 Appellant, Equico Lessors, Inc., a judgment creditor of Peter Prestininzi, sued respondent Metropolitan Life Insurance Company. The complaint alleged appellant’s status as Prestininzi’s judgment creditor. It then stated that the sheriff levied a writ of execution upon respondent, the writ seeking “all monies due or held for judgment debtor, including the cash values of any life insurance policies.” Respondent denied the indebtedness. The complaint then alleges on information and belief that respondent had the property described above in its possession or under its control; that said property “actually belongs” to Peter Prestininzi and that it “includes but is not limited to the cash value of’ designated policies. The trial court sustained a general demurrer with leave to amend and, upon appellant’s failure to amend, dismissed the action. This appeal followed.
In California execution reaches to “[a]ll goods, chattels, moneys or other property, both real and personal, or any interest therein, of the judgment debtor, not exempt by law . . . .” (Code Civ. Proa, § 688, subd. (a).) However, pure expectancies or contingencies are not property rights subject to execution. (See cases cited, 5 Witkin, Cal. Procedure (2d ed. 1971) § 16 at p. 3399.) The interest sought to be attached here is of that nature. “Even though a life insurance policy has a cash surrender value which is available to the insured at his option, it is quite uniformly held by the courts that where the insured has not exercised his option to surrender the policy for its cash surrender value, a creditor of the insured cannot obtain such cash surrender value by means of garnishment proceedings, the general view being that where the surrender option has not been exercised there is no such present fixed liability or existing indebtedness on the part of the insurer to the insured as is requisite to the maintenance of garnishment.” (Right of creditors of life insured as to options or other benefits available to him during his lifetime—Cash surrender value, where insured has not exercised option. Annot. (1954) 37 A.L.R.2d 268, 282, 286.)
In reaching its decision, the trial court set forth the following apt quotation from United States v. Penn. Mut. Life Ins. Co. (3d Cir. 1942) 130 F.2d 495, 497: “While the police endures, the insurer is powerless to compel the insured to exercise his option under the policy by accepting the cash surrender value thereof. [Citations.] Concurrently, the insurer’s liability remains indeterminate. It is only by the voluntary action of the insured or by the terms of the policy, if the insured fails to act, that his rights or privileges under the policy may be accrued and determined. *Supp. 9 And until that happens, there is no definite amount owing by the insurer to the insured and, hence, no ascertainable property of the insured in the possession of the insurer.”
Other out of state cases to the same effect are collected in the annotation cited above, 37 A.L.R.2d 268, 282-298. Their result is sound, and we adopt it. As stated in one of them, Isaac Van Dyke Co. v. Moll (1928) 241 Mich. 255 [217 N.W. 29, 30]: “There is a clear distinction between the necessity of demand for which a prior notice is needed before the right to money is technically complete and a requirement of demand which goes to the cause of action itself. When the money is payable absolutely and without condition, the debt may be garnished. But the present right of the insured to money under this policy and the liability of the company to pay it is not absolute. The right to receive it is one personal to the insured, and he alone may exercise it. It may not be forced upon him by the insurer. The obligation to pay does not become due at or within a time fixed by the policy, but it rests upon the happening of an event not measured by a time limit, and which may or may not transpire. He must also surrender the policy or make tender thereof before his right of action will accrue. The plaintiff, when seeking to recover the money from the garnishee, has no greater right thereto than the principal defendant.”
In its opening brief appellant shifts from its discussion of reaching cash surrender values by writ of execution to a claim that policy loan values may be subjected to execution. A similar claim was made, and rejected in Farmers’ & Merchants’ Bank v. National Life Ins. Co. (1926) 161 Ga. 793 [131 S.E. 902], where the court also rejected a claim that cash surrender values could be reached. The court said (131 S.E. at pp. 902-903): “In brief, the contention of the plaintiff is that the cash surrender and cash loan values of a policy of life insurance accruing at the end of a specified tontine period is subject to garnishment by creditors of the insured, and that this is true, although the insured is not insolvent, and has made no application for the loan value nor offered to surrender the policy in order to withdraw the cash value. We do not think that a discussion is necessary to show that the loan value in a policy of life insurance cannot be made available to garnishment process. The nature itself of the loan value precludes its being held to be a debt due the insured by the company. Until steps have been taken by the insured to effect a loan, in case he should desire to take advantage of the provision in the policy relating to a loan, and until the loan transaction is completed, the insurer is not in any *Supp. 10 sense indebted to the insured; and the provision as to the loan value of the policy is a mere privilege to the insured, to be taken advantage of by him upon the terms and conditions prescribed in the policy. A court of equity certainly cannot compel a policy holder to make application for and secure a loan from the company, even though under the conditions stated in the policy the loan would automatically follow the making of the application therefor. And, while there might apparently be more ground for holding that the cash surrender value of the policy could be reached by garnishment proceedings, because of its closer analogy to a debt due the insured, we do not think that the analogy can be trusted to such an extent as would justify a court of equity in adjudging that it is collectible in proceedings like the present, or in any other proceedings at law or equity, until the policy holder himself has voluntarily taken steps to make effective the provisions in the policy relating to a cash surrender value thereof.”
We agree with this reasoning and hold to the same effect. Cases cited by appellant as authority for reaching policy loan values deal with bankruptcy situations and are not persuasive here.
Appellant argues that Brainardv. Rogers (1925) 74 Cal.App. 247 [239 P. 1095] supports its position. Brainard, however, involved the right to garnish proceeds of a fire insurance policy. The insured’s right to the funds was matured and not contingent. Similarly distinguishable is Witte v. Vincenot (1872) 43 Cal. 325, also relied upon by appellant. In that case, a bank objected to an execution levied upon it on the account of one of its depositors. The amount was presently due and owing by the bank, a fact which makes the case different from the present one. The issue decided in Witte was that the passbook was not a negotiable instrument as the bank had argued.
Finally, appellant argues that under the allegations of its complaint, which we have described above, and applying the well known rule that on demurrer the facts alleged are to be presumed to be true, the complaint was sufficient to show that there was property (presumably other than cash surrender and policy loan values) held by respondent and subject to levy. The problem with this contention (aside from the fact that it was not expressly articulated in the trial court and is not fully spelled out here) is that it is not ever alleged in the complaint that in fact there are any monies presently due and owing from respondent to appellant. The trial court afforded appellant an opportunity to amend its complaint, *Supp. 11 which it declined. It is apparent that what was actually litigated below and what is claimed on appeal is that the cash surrender values and policy loan values of the policies were subject to execution.
The order (judgment) is affirmed. Respondent to recover its costs on appeal.
Pacht, J., and Bigelow, J., concurred.