[LOCAL LAW.]

## DARBY's Lessee v. MAYER and another.

*Quære;* How far a will of lands, duly proved and recorded in one State, so as to be evidence in the Courts of that State, is thereby rendered evidence in the Courts of another State, (provided the record on its face shows that it possesses all the solemnities required by the laws of the State where the land lies,) under the 4th art. sec. 1. of the constitution of the United States?

The local law of Maryland, as to the effect of evidence of the probate of a will of lands, in an action of ejectment, is the same with the common law.

A duly certified copy of a will of lands, and the probate thereof, in the Orphan's Court of Maryland, is not evidence in an action of ejectment, of a devise of lands in Tennessee.

ERROR to the Circuit Court of West Tennessee.

This cause was argued by Mr. *Bibb* and Mr. *Isaacs* for the plaintiff in error, and by Mr. *White* and Mr. *D. Hoffman* for the defendants in error. But as the judgment turned only on a single point, and does not finally dispose of the cause, it has not been thought necessary to report the argument. *March 1st.*

Mr. Justice JOHNSON delivered the opinion of the Court. *March 17th*

This was an action of ejectment, in which the present plaintiff was plaintiff in the Court below. His title is derived through a patent to one John Rice; and successive conveyances down to him

self, which it is immaterial to recapitulate, since no question arises upon this part of the evidence. The defence set up was the statute of limitations, and in order to bring himself within its provisions, the defendant received the patent under which the plaintiff claims, as the patent for his own land, and undertakes to connect himself with it. This gave rise to a variety of exceptions taken by the plaintiff to the evidence offered by the defendant for this purpose, to which the defendant replies, that should he have failed in establishing a connexion by a chain of title, he has complied with the statute notwithstanding, by proving his possession within the patent issued to Rice, which, he contends, is all the connexion with a patent which the law requires.

One of the grounds of exception made by the plaintiff is, that the evidence of the defendant proves his possession to be upon a tract of land essentially different from that which the patent covers. And not a little difficulty has existed on this part of the case, to understand the counsel when discussing the question of identity. All this has arisen from omitting to have the *locus in quo* established by a survey; an omission to which the Court takes this opportunity to express its disapprobation. It is true, that the case upon this bill of exceptions can be disposed of without such a survey, but great facility would have been afforded by a survey, in understanding the discussion, which, without it, was scarcely intelligible. It is very obvious, when we refer to the patent to Rice under which the plaintiff claims,

and the entry to Ramsay through which the defendant deduces title, both of which are made parts of the bill of exceptions, that they do not describe the same land. On the contrary, that to Rice, calling for the entry to Ramsay as its eastern boundary, must necessarily lie without it.

However, we are of opinion, that we are not now at liberty to notice this inconsistency. The bill of exceptions states, that the plaintiff proved the defendant in possession of the land granted to Rice, and the defendant proved himself in possession of the land entered to Ramsay, both concurring in the fact that the land in the defendant's possession was the land in controversy; from which it certainly results that Rice held a patent for Ramsay's entry. But the defendant having no patent, the other has, of course, the legal estate in him, which may be barred by the defendant's possession, if he brings himself within the provisions of the statute.

In order to connect himself with the patent, the defendant proved a sale of the inchoate interest of John Rice to one Solomon Kitts, and the next link in his title depended upon the *will* of Solomon Kitts. To prove that Kitts devised the land to the trustees through whom defendant made title, a copy and probate of the will of Kitts was produced in evidence, duly certified from the Orphan's Court of Baltimore county, Maryland, in which, it seems, the will had been recently proved and recorded. This evidence was excepted to, but the Court overruled the exception; and it went to the jury.

The question is, whether the evidence thus offered was legal evidence of a devise of land?

The common law doctrine on this subject no one contests; the ordinary's probate was no evidence of the execution of the will in ejectment.

Effect of the probate of a will of lands at common law.

Where the will itself was in existence, and could be produced, it was necessary to produce it ; when the will was lost, or could not be procured to be produced in evidence, secondary evidence was necessarily resorted to, according to the nature of the case. But whatever proof was made, was required to be made before the Court that tried the cause ; the proof before the ordinary being *ex parte*, and the heir at law having had no opportunity to cross-examine the witnesses ; neither were the same solemnities required to admit the will to probate as were indispensable to give it validity as a devise of real estate. At first it was a question of controversy between the common law and ecclesiastical Courts, whether a will containing a devise of lands, should not be precluded from probate, although containing a bequest of personalty also. And the question was one of serious import, since the common law Courts required the production of the original, whereas the consequence of probate was, that the original should be consigned to the archives of the Court that proved it. This was at length compromised, and the practice introduced of delivering out the will, when necessary, upon security to return it.

Upon general principles, there is no question, that lands in Tennessee must, in all respects, be

subject to the land laws of Tennessee. Their laws affecting devises, and the rules of their Courts respecting evidence in ejectment, must be the law of this case, as far as the constitution of the United States does not control the one or the other.

With regard to the modification under which the right of devising may be exercised, there is no question that the power of the State is unlimited; and wills of realty, wherever executed, must conform to the laws of Tennessee. The right of determining whether its laws have been complied with in this respect, is a necessary result from the power of passing those laws. But in this respect, it has been supposed, that the right of the States is in some measure controlled by that article of the constitution, which declares " that full faith and credit shall be given in each State to the public acts, *records*, and judicial proceedings of every other State." And hence that a will of lands duly recorded in one State, so as to be evidence in the Courts of that State, is rendered evidence thereby in the Court of every other State, provided the record, on the face of it, shows that it possessed the solemnities required by the laws of the State where the land lies.

As this is a question of some delicacy as it relates to devises of lands, the Court passes it over at present, being induced to adopt the opinion, that the rule could not be applied to this case, since the laws of Maryland do not make the probate here offered evidence in a land-cause in the Courts of that State.

1825.

Darby
v.
Mayer.

The *lex loci rœi sitœ* governs as to the effect of a devise in one country of lands in another.

*Quœre*, how far this general principle is modified by the provisions of the constitution and laws of the U. S. in respect to the faith and credit, &c. to be given to the public acts, records, and judicial proceedings of each State in every other State?

**1825.**

Darby
v.
Mayer.

*The local law of Maryland, as to evidence of the probate of a will of lands, in an action of ejectment, is the same with the common law of England.*

That the law of Maryland, with regard to the evidence of a devise in ejectment, is the common law of England, is clearly recognised in the case of *Smith's lessee* v. *Steele*, (1 *Harris* and *M'Henry*, 419.) In that case, as in this, a copy of the will and probate were offered in evidence, and was supported by proof of the loss of the original will from the office of probates. Yet the whole argument turns, not on the admission of the copy and probate *per se*, but whether admissible at all to prove the existence and contents of the original will. And the Court declare, in permitting it to be read in evidence to the jury, that they are at liberty to find for or against the original will, not holding them bound from the production of the probate to find for the plaintiffs. It is observable also in that case, that it is yielded in argument throughout, that the admission of the probate could only be sustained on the idea, that the acts of 1704 and 1715, now no more in force, permitted the ordinary to take probate of wills of land. But it has been supposed, that the Maryland law of probates of 1798, has, by express enactment, made such probates evidence in their own Courts. And had it been shown, that such had been the established construction of that law, and the practice of the State Courts under it, this Court would not have hesitated to relinquish their own views on the correct construction to be given to that clause.

As it is, we must pursue the suggestions of our own minds with regard to the legal construction of the act.

The clause alluded to is the 4th sec. ch. 2. art. 3. of the act in question, and is in these words : " An attested copy, under the seal of office, of any will, testament, or codicil, recorded in any office authorized to record the same, shall be admitted in evidence in any Court of law or equity, provided that the execution of the original will or codicil be subject to be contested until a probate hath been had according to this act."

1825.

Darby
v.
Mayer.

The act of Assembly of Maryland of 1798, s. 4. ch. 2. art. 3. does not extend to a will of lands so as to make the probate conclusive evidence in an action of ejectment.

It is true, that the generality of the terms in the first lines of this clause is such as would, if unrestricted by the context, embrace wills of lands. It is also true, that the previous chapter in the same article prescribes the formalities necessary to give validity to devises of real estate ; it is further true, that the previous sections of the second chapter indicate the means, and impose the duty of delivering up wills of all descriptions to the Register of the Court of Probates, for safe keeping, after the death of the testator, and until they shall be demanded by some person authorized to demand them for the purpose of proving them.

But it is equally true, that the act does not authorize the registering of any will without probate. Nor does it, in any one of its provisions, relate to the probate of any wills, except wills of goods and chattels.

The clause recited makes evidence of such wills only as are recorded in the offices of Courts authorized to record them. But when the power of taking probate is expressly limited to the probate of wills of goods and chattels, we see not

**1825.**

Darby
v.
Mayer.

with what propriety the meaning of the clause in question can be extended to wills of any other description. The Orphan's Court may take probates of wills though they affect lands, provided they also affect goods and chattels.; but the will, nevertheless, is conclusively established only as to the personalty.

Unless the words be explicit and imperative to the contrary, the construction must necessarily conform to the existing laws of the State on the subject of wills of real estate. And when the power of taking probates is confined to wills of personalty, we think the construction of the clause recited must be limited by the context.

By the laws of Tennessee, the probate of a will of lands in another State is not made evidence in an ejectment for lands in Tennessee.

We are, therefore, of opinion, that there was nothing in the law of Maryland which could, under the constitution, make the document offered to prove this will *per se* evidence in a land cause. Nor does there appear to exist any rule of law in Tennessee, which could make such a document good evidence under the laws of that State.

Since, therefore, the charge of the Court was general in favour of the defendants, and the effect of each particular piece of evidence upon the minds of the jury cannot be discriminated, this opinion disposes of the whole cause.

The case presents several other, and very important questions, but the Court will at present decline remarking on them.

Judgment reversed, and a *venire facias de novo* awarded.