## WILKINS v. ELLETT, ADMINISTRATOR.

A voluntary payment of a debt to a foreign administrator held good as against the claim of an administrator duly appointed at the domicile of the debtor, in which last place the debt was paid; there having been no creditors of the intestate in this last place, nor any persons there entitled as distributees.

ERROR to the Circuit Court for the Western District of Tennessee; the case was this:

Quarles being domiciled in the State of *Alabama*, died there, and letters of administration were there taken out by

---

* Phillips *v.* Page, 24 Howard, 164.

one Goodloe, of that State.   Wilkins, a resident of Memphis, *Tennessee*, owed the estate $3455, and being called upon at Memphis by Goodloe, the administrator, paid the debt and took a receipt.   Goodloe duly accounted before the Probate Court in Alabama for the sum thus received.   Afterwards, Ellett, a citizen of the State of Virginia, and who professed to be next of kin to the deceased, took out letters of administration in Tennessee, and brought this suit against Wilkins to recover the same debt.   There were no creditors or persons entitled as distributees of the intestate in the State of Tennessee.   The court below, holding that the voluntary payment by Wilkins to the Alabama administrator was in his own wrong, gave judgment for the plaintiff.   Wilkins, the debtor, now brought the case to this court; the question, of course, being whether voluntary payment to the foreign administrator had discharged the home one.

*Mr. D. K. McRae, in support of the judgment below :*

The identical question in this case has been presented and settled in Tennessee.[*]   It is there taken for granted as settled doctrine in England and America, that an administrator appointed in one country is not by virtue of such appointment entitled to sue, in his official capacity, in any other country. He is a *stranger* to the debt, without authority to receive or give acquittance.

Judge Story, who, in *Trecothick* v. *Austin*,[†] uttered a dictum to a contrary effect, directly controverts the position of the dictum in his Conflict of Laws,[‡] where the question is properly presented with its qualifications.

*Messrs. Humes and Poston, contra.*

Mr. Justice NELSON delivered the opinion of the court.

It has long been settled, and is a principle of universal jurisprudence, in all civilized nations, that the personal

---

[*] Young, Administrator *v.* O'Neal, 3 Sneed, 55.

[†] 4 Mason, 16–33.

[‡] Conflict of Laws, §§ 514, 514 *a*, 514 *b*, 515.

estate of the deceased is to be regarded, for the purposes of succession and distribution, wherever situated, as having no other locality than that of his domicile; and, if he dies intestate, the succession is governed by the law of the place where he was domiciled at the time of his decease, and not by the conflicting laws of the various places where the property happened at the time to be situated.* The original administrator, therefore, with letters taken out at the place of the domicile, is invested with the title to all the personal property of the deceased for the purpose of collecting the effects of the estate, paying the debts, and making distribution of the residue, according to the law of the place, or directions of the will, as the case may be.

It is true, if any portion of the estate is situated in another country, he cannot recover possession by suit without taking out letters of administration from the proper tribunal in that country, as the original letters can confer upon him no extra-territorial authority. The difficulty does not lie in any defect of title to the possession, but in a limitation or qualification of the general principles in respect to personal property by the comity of nations, founded upon the policy of the foreign country to protect the interests of its home creditors. These letters are regarded as merely ancillary to the original letters, as to the collection and distribution of the effects; and generally are simply made subservient to the claims of the domestic creditors, the *residuum* being transmitted to the probate court of the country of the domicile, for the final settlement of the estate. It is upon this qualification of the law of comity and consequent inability of the original administrator to sue in the foreign country, upon which the objection is founded to the validity of the voluntary payment by the foreign debtor to him.

There is doubtless some plausibility in it, growing out of the interest of the home creditors. But it has not been regarded of sufficient weight to carry with it the judicial mind of the country. With the exception of the case in the State

---

* 2 Kent's Commentaries, 429; Story's Conflict of Laws, § 879.

of Tennessee, none have been referred to, nor have our own researches found any, maintaining the invalidity of the payment.    The question has been directly and indirectly before several of the courts of the States, and the opinions have all been in one direction—in favor of the validity.*

Mr. Justice Story, in his Conflict of Laws,† has expressed a doubt as it respects the soundness of the doctrine upon principles of international law, and which *is mainly* relied on in the present case by the defendant in error.   He had affirmed it in *Trecothick* v. *Austin*, and he admits in a note,‡ that if a debtor be found in a foreign country where the creditor died, and where he had his domicile, and was sued by the administrator, he could not protect himself by a plea that he was liable to pay only to an administrator appointed at the place of his (the creditor's) domicile.   All debts follow the person, not of the debtor in respect of the right or property, but of the creditor, to whom due.§

JUDGMENT REVERSED.

* Williams v. Storrs, 6 Johnson's Chancery, 353; Doolittle v. Lewis, 7 Ib. 51; Vroom v. Van Horne, 10 Paige, 549, 557; Schultz v. Pulver, 11 Wendell, 361; Trecothick v. Austin, 4 Mason, 33; Stevens v. Gaylord, 11 Massachusetts, 256; Nisbet v. Stewart, 2 Devereux & Battle, 24; Parsons v. Lyman, 20 New York, 108.

