## WILKINS *v.* ELLETT, Administrator.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TENNESSEE.

Decided April 16th, 1883.

*Conflict of Laws—Executor and Administrator.*

When a debt due to a deceased person is voluntarily paid by the debtor at his own domicil in a State in which no administration has been taken out, and in which no creditors or next of kin reside, to an administrator appointed in another State, and the sum paid is inventoried and accounted for by him

in that State, the payment is good as against an administrator afterwards appointed in the State in which the payment is made, although this is the State of the domicil of the deceased.

The nature of the action and the facts appear in the opinion.

*Mr. W. Y. C. Humes* and *Mr. D. H. Poston* for plaintiff in error.

*Mr. S. P. Walker* and *Mr. R. T.    Veal* for defendant in error.

MR. JUSTICE GRAY delivered the opinion of the court.

This is an action of assumpsit on the common counts, brought in the Circuit Court of the United States for the Western District of Tennessee.   The plaintiff is a citizen of Virginia, and sues as administrator, appointed in Tennessee, of the estate of Thomas N. Quarles.   The defendant is a citizen of Tennessee, and surviving partner of the firm of F. H. Clark & Company. The answer sets up that Quarles was a citizen of Alabama at the time of his death ; that the sum sued for has been paid to William Goodloe, appointed his administrator in that State, and has been inventoried and accounted for by him upon a final settlement of his administration ; and that there are no creditors of Quarles in Tennessee.   The undisputed facts, appearing by the bill of exceptions, are as follows :

Quarles was born at Richmond, Virginia, in 1835.   In 1839 his mother, a widow, removed with him, her only child, to Courtland, Alabama.   They lived there together until 1856, and she made her home there until her death in 1864.   In 1856 he went to Memphis, Tennessee, and there entered the employment of F. H. Clark & Company, and continued in their employ as a clerk, making no investments himself, but leaving his surplus earnings on interest in their hands, until January, 1866, when he went to the house of a cousin in Courtland, Alabama, and while there died by an accident, leaving personal estate in Alabama.   On the 27th of January, 1866, Goodloe took out letters of administration in Alabama, and in February, 1866, went to Memphis, and there, upon exhibiting his letters of administration, received from the defendant the sum of

money due to Quarles, amounting to $3,455.22 (which is the same for which this suit is brought), and included it in his inventory, and in his final account, which was allowed by the probate court in Alabama. There were no debts due from Quarles in Tennessee. All his next of kin resided in Virginia or in Alabama; and no administration was taken out on his estate in Tennessee until June, 1866, when letters of administration were there issued to the plaintiff.

There was conflicting evidence upon the question whether the domicil of Quarles at the time of his death was in Alabama or in Tennessee. The jury found that it was in Tennessee, under instructions, the correctness of which we are not prepared to affirm, but need not consider, because assuming them to be correct, we are of opinion that the court erred in instructing the jury that, if the domicil was in Tennessee, they must find for the plaintiff; and in refusing to instruct them, as requested by the defendant, that the payment to the Alabama administrator before the appointment of one in Tennessee, and there being no Tennessee creditors, was a valid discharge of the defendant, without reference to the domicil.

There is no doubt that the succession to the personal estate of a deceased person is governed by the law of his domicil at the time of his death; that the proper place for the principal administration of his estate is that domicil; that administration may also be taken out in any place in which he leaves personal property; and that no suit for the recovery of a debt due to him at the time of his death can be brought by an administrator as such in any State in which he has not taken out administration.

But the reason for this last rule is the protection of the rights of citizens of the State in which the suit is brought; and the objection does not rest upon any defect of the administrator's title in the property, but upon his personal incapacity to sue as administrator beyond the jurisdiction which appointed him.

If a debtor, residing in another State, comes into the State in which the administrator has been appointed, and there pays him, the payment is a valid discharge everywhere. If the

debtor, being in that State, is there sued by the administrator, and judgment recovered against him, the administrator may bring suit in his own name upon that judgment in the State where the debtor resides. *Talmage* v. *Chapel*, 16 Mass. 71; *Biddle* v. *Wilkins*, 1 Pet. 686.

The administrator, by virtue of his appointment and authority as such, obtains the title in promissory notes or other written evidences of debt, held by the intestate at the time of his death, and coming to the possession of the administrator; and may sell, transfer and indorse the same; and the purchasers or indorsees may maintain actions in their own names against the debtors in another State, if the debts are negotiable promissory notes, or if the law of the State in which the action is brought permits the assignee of a chose in action to sue in his own name. *Harper* v. *Butler*, 2 Pet. 239; Shaw, C. J., in *Rand* v. *Hubbard*, 4 Met. 252, 258–260; *Petersen* v. *Chemical Bank*, 32 N. Y. 21. And on a note made to the intestate, payable to bearer, an administrator appointed in one State may sue in his own name in another State. *Barrett* v. *Barrett*, 8 Greenl. 353; *Robinson* v. *Crandall*, 9 Wend. 425.

In accordance with these views, it was held by this court, when this case was before it after a former trial, at which the domicil of the intestate appeared to have been in Alabama, that the payment in Tennessee to the Alabama administrator was good as against the administrator afterwards appointed in Tennessee. *Wilkins* v. *Ellett*, 9 Wall. 740.

The fact that the domicil of the intestate has now been found by the jury to be in Tennessee does not appear to us to make any difference. There are neither creditors nor next of kin in Tennessee. The Alabama administrator has inventoried and accounted for the amount of this debt in Alabama. The distribution among the next of kin, whether made in Alabama or in Tennessee, must be according to the law of the domicil; and it has not been suggested that there is any difference between the laws of the two States in that regard.

The judgment must therefore be reversed, and the case remanded with directions to set aside the verdict and to order a

*New trial.*