GIBSON, AD., V. DOWELL.

1.  DOWER: *In personalty governed by law of intestate's domicile.*
    The succession to an intestate's personal property is governed by the law of his domicile, without regard to its actual situs at the time of his death.  By a legal fiction it is deemed to be in the place of his domicile, and the rights of his widow, heirs and distributees are determined by the intestate laws of that domicile.

2.  ADMINISTRATOR: *Ancillary:   His duties.*
    It is the duty of an ancillary administrator in this State to pay the debts of the deceased which are proved here; to settle his accounts in the court that appointed him, and to transmit the residuum to the administrator in chief for distribution among the persons entitled to it. The court here may, however, sometimes order him to pay it to the heirs or legatees.

Gibson, Ad., v. Dowell.

APPEAL from *Lawrence* Circuit Court.
Hon. R. H. POWELL, Circuit Judge.

*John K. Gibson, pro se.*

1.  Appellee being a non resident, and this being an ancillary administration, she must be postponed until resident creditors are paid. *16 Ark., 257; 30 Ib., 230; 31 Ib., 539; 34 Ib., 517.*

2.  She should apply to the domiciliary administration for her dower.

3.  A widow must take down in personalty in accordance with the laws of the domicile of her deceased husband. After the payment of resident creditors, the ancillary jurisdiction will distribute the surplus personalty according to the laws of the domicile of the intestate. *34 Ark., 131; 2 Kent, pp. 429–39 and notes; 1 Mason, 381; 2 Jones' Eq., 51; 6 Ib., 190; 10 Rich. (S. C.) Eq., 12; 3 Bradf., N. Y., 233; 51 Ala., 55; 52 Ib., 124; 47 Conn., 592; 32 La. Ann., 385; 95 Ill., 485; 64 Ga., 208; Wilkins v. Ellett, U. S. S. C., April 1883.*

SMITH, J. Mrs. Dowell applied to the probate court of Lawrence County for her allowance or thirds in the personalty of her late husband, J. H. Dowell. In her petition she alleged that choses in action to the amount of $118,-209.03 had come to the hands of John K. Gibson, to whom administration had been granted by said probate court, and that she was by law entitled to one-third of the same. The administrator contested her claim upon the grounds that her husband was, at the time of his death, domiciled in the State of Missouri, where the principal administration of his estate was proceeding, and that his own administration was merely auxiliary to the administration in Missouri; that he had already paid out what he had thus

far collected of the assets of said estate upon the debts of said decedent and the expenses of administering his estate, and it would probably consume the remainder of said assets that could be collected to satisfy the creditors who had proved their demands here; and that the petitioner's remedy was against the domiciliary administration.

Mrs. Dowell recovered a decree, both in the probate court and on appeal in the Circuit Court, for one-third of the available assets which had come into the administrator's possession. On the trial in the last named court it was admitted that the petitioner had been legally married to the deceased, who was a merchant in St. Louis, and had died there; that she also resided in Missouri; that Newton Crane was administrator of the estate in Missouri, and that the laws of the two States with regard to widows' rights in the premises were not the same.

By our law the widow is entitled, in her own right and independently of debts, to one-third part of the personal estate whereof the husband died possessed. This includes cash on hand, bonds, bills, notes, book accounts and evidences of debt. *Gantt's Digest, sec. 2230.*

1. DOWER: In personalty. But the succession to the personal property of an intestate is regulated by the law of his domicile, without regard to the actual *situs* of the property at the time of his death. It is considered that movables have no *situs*, but accompany the person of the owner; so that by a legal fiction they are always deemed to be in the place of his domicile. And the rights of the widow, of heirs and distributees, are determined by the intestate laws of the country where the deceased was domiciled. *Story Conflict of Laws, sec. 481, et seq.; Wharton on same, secs. 189, 193; Clark v. Holt, 16 Ark., 257; Shegogg v. Perkins, 34 Ib., 131; Wilkins v. Ellett, 9 Wall., 740; Same v. Same, U. S. S. C., April 16, 1883, 2 Sup. Court Rep., 641; Slaughter v. Garland, 40 Miss., 172.*

What the rights of Mrs. Dowell in the personalty may be under the laws of Missouri this record does not disclose, except that they are different from ours. Those laws are not proved, and we can not take judicial cognizance of them.

The duties of the ancillary administrator are to pay the debts of the deceased which are proved here; to settle his accounts under the supervision of the court to which he owes his authority, and to transmit the residuum to the administrator in chief for distribution amongst the persons beneficially entitled. Sometimes, to avoid circuity, the court having jurisdiction over the ancillary administrator, may order him to pay the residuum directly to heirs or legatees. *Wharton Conflict of Laws, secs. 619 and 639; Mackey v. Cox, 1 How., 100.*

Reversed.

2. ANCIL-LARY AD-MINISTRA-TOR: His duties.