A. J. GREENWALT AND ELIZABETH GREENWALT, *as Administratrix with Will annexed of the Estate of Mary E. Bastian, deceased,* v. MORRIS BASTIAN, *Executor of the Last Will and Testament of Mary E. Bastian, deceased.*

**No. 410.\*   (61 Pac. 513.)**

EXECUTORS AND ADMINISTRATORS—*Suit by Foreign Executor— Judgment.* B., a resident of Pennsylvania, died at her home testate; her will was duly probated and the executor mentioned therein qualified. Said executor instituted an action in the district court of Brown county, Kansas, against a resident of said county, upon a promissory note given by him for borrowed money to the testate in her lifetime. Afterward an ancillary administrator with the will annexed was appointed by the probate court of Brown county, but said estate owed no debts and had no property in said county except the claim sued on. The ancillary administrator claimed to be entitled to the proceeds of the note and prayed judgment therefor. *Held,* that judgment was properly rendered on the note in favor of the executor.

---

\* Petition for order to certify denied by supreme court July 7, 1900.—REP.

Error from Brown district court; Wm. I. Stuart, judge. Opinion filed June 18, 1900. Affirmed.

*Jas. Falloon*, for plaintiffs in error.

*Means & Smith*, for defendant in error.

The opinion of the court was delivered by

Wells, J.: On February 12, 1898, Mary E. Bastian, a resident of Lehigh county, Pennsylvania, died testate. Her will, which was duly admitted to probate in said county, appointed Morris Bastian, the defendant in error, the executor of her said will, and he duly qualified as such. On March 20, 1899, the said executor began an action in the district court of Brown county, Kansas, against A. J. Greenwalt for $1000 and interest, due on a certain promissory note given by the said A. J. Greenwalt to the said Mary Bastian in her lifetime. To the petition filed in the action A. J. Greenwalt answered by setting up a copy of the will of the said Mary Bastian, and alleging that by the terms thereof the note sued on and the sum due thereon belonged to Lizzie Greenwalt, the wife of the said defendant, to use during the period of her natural life, and that he was willing to pay the same to her, and praying that said Lizzie Greenwalt be made a party defendant. On May 23, 1899, said Lizzie Greenwalt, as Elizabeth Greenwalt, was appointed and qualified as administrator of the estate of Mary Bastian in Brown county, Kansas, and returned an inventory of the estate, showing no debts or assets of the estate in that county except the note sued on, and asking to be substituted as plaintiff in the action, which was by the court refused on June 3, 1899; and thereupon, by consent of parties, she was

by the court made a party defendant therein. An amended petition was filed and an answer thereto, and to said answer a demurrer was interposed by the plaintiff and sustained by the court. The defendants electing to stand on their answer, judgment was rendered for the plaintiff and the case brought here for review.

It was said, in *Moore, Adm'x, v. Jordon*, 36 Kan. 274, 13 Pac. 339 :

"The principal administration, to which all others are subordinate, is at the domicile of the intestate, and the universally recognized rule of law is that the succession to and distribution of personal estate is governed by the laws of the place where the intestate was domiciled at the time of his death."

The supreme court of the United States, in *Wilkins v. Ellett*, 9 Wall. 740, 19 L. Ed. 586, uses this language :

"It has long been settled, and is a principle of universal jurisprudence in all civilized nations, that the personal estate of the deceased is to be regarded, for the purposes of succession and distribution, wherever situated, as having no other locality than that of his domicile ; and, if he dies intestate, the succession is governed by the law of the place where he was domiciled at the time of his decease, and not by the conflicting laws of the various places where the property happened at the time to be situated. (2 Kent, Comm. 429 ; Story, Confl. of Laws, § 379.) The original administrator, therefore, with letters taken out at the place of the domicile, is invested with the title to all the personal property of the deceased for the purpose of collecting the effects of the estate, paying the debts, and making distribution of the residue, according to the law of the place, or directions of the will, as the case may be.

"It is true, if any portion of the estate is situated in another country, he cannot recover possession by suit without taking out letters of administration from the proper tribunal in that country, as the original

letters can confer upon him no extraterritorial authority. The difficulty does not lie in any defect of title to the possession, but in a limitation or qualification of the general principles in respect to personal property by the comity of nations, founded upon the policy of the foreign country to protect the interests of its home creditors. These letters are regarded as merely ancillary to the original letters, as to the collection and distribution of the effects ; and generally are simply made subservient to the claims of the domestic creditors, the residuum being transmitted to the probate court of the country of the domicile, for the final settlement of the estate.''

Section 147, chapter 107, General Statutes of 1897 (Gen. Stat. 1899, § 2892), reads :

''An executor or administrator duly appointed in any other state or country may sue or be sued in any court in this state, in his capacity of executor or administrator, in like manner and under like restrictions as a non-resident may sue or be sued.''

Under this authority the plaintiff in the district court began this action ; there were no debts of the deceased in this state requiring the protection of the court, and there was nothing to be done but to collect the assets of the estate, and distribute them under the provisions of the will. This should be done by the authority and under the control of the court at the domicile of the deceased, and all questions as to the construction of the will and the execution of the trust thereby reposed must be adjudicated there.

The judgment of the district court is affirmed.