CHARLES MAAS, as Administrator of the Estate of FRIEDA MAAS, Deceased, Appellant, *v.* THE GERMAN SAVINGS BANK IN THE CITY OF NEW YORK, Respondent.

EXECUTORS AND ADMINISTRATORS— WHEN PAYMENT TO FOREIGN ADMINISTRATOR AFTER APPOINTMENT OF ADMINISTRATOR IN THIS STATE DISCHARGES DEBT. The payment by a savings bank in the city of New York of a deposit, made by a decedent who was a resident of another state, to an administrator appointed therein, is good and discharges the indebtedness, although several months prior thereto an administrator had been appointed in this state, when the payment is made in good faith and without actual notice of such appointment and it does not appear that the decedent had any creditors in this state; and the fact that the appointment was a matter of record in the surrogate's office is not sufficient to charge the bank with constructive notice thereof.

*Maas* v. *German Savings Bank,* 73 App. Div. 524, affirmed.

(Argued October 20, 1903; decided November 10, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 8, 1902, upon an order reversing a judgment of the Appellate Term of the Supreme Court, which affirmed a judgment of the General Term of the City Court of the city of New York affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas F. Gilroy, Jr.,* for appellant. The title, or, at least, the right of possession to the balance of the deposit

was in the plaintiff, whether he be regarded as a subordinate or as a principal administrator. (Code Civ. Pro. §§ 2473, 2478, 2700, 2701 ; *Abbott* v. *Curran*, 98 N. Y. 665 ; *Banta* v. *Moore*, 15 N. J. Eq. 97 ; *Preston* v. *Lord Melville*, 8 Cl. & Fin. 1 [H. L. 1841]; *Apperson* v. *Bolton*, 29 Ark. 418 ; *Vaughn* v. *Northrup*, 15 Pet. 1 ; *Dorsay* v. *Connell*, 22 N. B. 564 ; *Crescent City Ice Co.* v. *Stafford*, 3 Woods [U. S.], 94 ; 13 Am. & Eng. Ency. of Law [2d ed.], 931, 932, and cases cited ; *McIlvoy* v. *Alsop*, 45 Miss. 365 ; *Harvey* v. *Richards*, 1 Mason, 380.) The voluntary payment of the balance of the account by the defendant to the New Jersey administrator could not discharge the bank because of the previous appointment of the New York administrator. (*Stone* v. *Scripture*, 4 Lans. 186 ; *Chapman* v. *Fish*, 6 Hill, 554 ; *Pond* v. *Makepeace*, 2 Metc. 114 ; *E. L. Assur. Society* v. *Voegel*, 76 Ala. 441 ; *Reynolds* v. *McMullen*, 55 Mich. 568 ; *Parsons* v. *Lyman*, 20 N. Y. 103, 113 ; *Vroom* v. *Van Horne*, 10 Paige, 549, 557 ; *Vaughn* v. *Northrup*, 15 Pet. [U. S.] 1 ; *Vaughn* v. *Barrett*, 5 Vt. 333 ; *Young* v. *O'Neal*, 3 Sneed, 55.) The bank had constructive notice of plaintiff's rights, and having made the payment to the New Jersey administrator in the face of this constructive notice, it is chargeable as if negligent, and the payment is no bar to this action. (*Farmer* v. *M. S. Inst.*, 60 Hun, 462 ; *Mahon* v. *S. B. S. Inst.*, 175 N. Y. 69 ; *Podmore* v. *S. B. S. Bank*, 48 App. Div. 218 ; *Appelby* v. *E. C. S. Bank*, 62 N. Y. 12 ; *Ficken* v. *E. I. S. Bank*, 33 Misc. Rep. 92 ; *Harvey* v. *Richards*, 1 Mason, 421.)

*Erwin I. Spink* for respondent. A voluntary payment by a debtor to a foreign domiciliary administrator is a good payment and discharges the debt, unless it can be impeached for fraud or bad faith. (*Williams* v. *Storrs*, 6 Johns. Ch. 353 ; *Doolittle* v. *Lewis*, 7 Johns. Ch. 45 ; *Parsons* v. *Lyman*, 20 N. Y. 103 ; *Peterson* v. *Chemical Bank*, 32 N. Y. 21 ; *Matter of Butler*, 38 N. Y. 397 ; *Schluter* v. *B. S. Bank*, 117 N. Y. 125 ; *Wilkins* v. *Ellett*, 9 Wall. [U. S.] 740 ; 3

Redf. on Wills, 26; *Stevens* v. *Gaylord*, 11 Mass. 256; Story on Conflict of Laws, §§ 515, 515a.) The domiciliary administrator had apparent authority and right to receive the money; he had the general legal title to all the assets of the decedent wherever they were situated; he had the pass book and a lawful certificate, and a payment to him, made in good faith, and with no notice of a claim by any other person, was a valid payment. (*Matter of Prout*, 128 N. Y. 70; *Bishop* v. *S. S. Bank*, 33 App. Div. 181; *Boone* v. *C. Sav. Bank*, 84 N. Y. 83.)

HAIGHT, J.    Frieda Maas died at her residence in Guttenberg, Hudson county, state of New Jersey, on the 15th day of November, 1898, leaving her surviving a son and daughter, both minors and residents of the same place.    On the 23rd day of August, 1899, the surrogate of Hudson county, New Jersey, issued letters of administration upon her estate to Frederick Maas, a brother of her deceased husband.    After his appointment he presented a certified copy of his letters of administration to the defendant bank, together with her pass book, and demanded the payment to him of the amount which the decedent had upon deposit, and thereupon the bank paid over such balance to him.    Prior thereto, and on the 9th day of March, 1899, the plaintiff Charles Maas, another brother of the decedent's deceased husband, applied and had issued to him letters of administration upon her estate by the surrogate of New York county in this state, and after the defendant bank had paid the amount on deposit with it to the administrator appointed in New Jersey, he served a notice of his appointment upon the defendant and demanded the payment to him of the amount of such deposit.    The bank having refused, this action was brought to recover the amount thereof.    Upon the trial the facts were agreed upon.    It does not appear that the decedent had any creditors in this state, and it is conceded that the defendant bank in making its payment did so in good faith, without actual notice that letters of administration had been issued in this state.    The question

thus presented is as to whether the plaintiff, under such circumstances, can recover.

The succession to, and the distribution of, the estate of an intestate is governed by the law of the domicile, and where an administrator has been appointed and has properly qualified in the state of the domicile, he is vested with power to receive payment of the debts owing to the intestate, and to take possession of the assets and give proper acquittances therefor, wherever the debtors or the holders of the assets may be, within or without the state. But where the debtor or the holder of the assets is in a foreign jurisdiction and the debts are not paid or the assets surrendered to the administrator of the place of the domicile of the decedent, the courts of the foreign jurisdiction will not enforce the recovery of such debts or assets until the administrator has procured ancillary letters or a new administrator has been appointed under the laws of the place where the debts exist or the assets may be. (*Matter of Prout*, 128 N. Y. 70–74; *Parsons* v. *Lyman*, 20 N. Y. 103; *Petersen* v. *Chemical Bank*, 32 N. Y. 21; *Matter of Estate of Butler*, 38 N. Y. 397; *Despard* v. *Churchill*, 53 N. Y. 192; *Matter of Hughes*, 95 N. Y. 55; *Vroom*, *Administratrix*, v. *Van Horne*, 10 Paige's Ch. 549; *Appeal of Gray, Jr.*, 116 Pa. St. 256–262; *Wilkins* v. *Ellett*, 9 Wall. 740; *Wilkins* v. *Ellett*, 108 U. S. 256; *Matter of Cape May & D. B. N. Co.*, 51 N. J. Law, 78–82; *Schluter* v. *Bowery Savings Bank*, 117 N. Y. 125.) In the latter case, EARL, J., in answering the claim that the administrator derived his authority from the state of New Jersey, and that a payment could not legally be made to him, says: "Payment to the personal representative is good, because at the death of the intestate he becomes entitled to all his personal property wherever situated, and having the legal title thereto he can demand payment of choses in action; and a payment to him made anywhere, in the absence of any conflicting claim existing at the time, is valid. It is true that if the defendant had declined payment the foreign administrator could not have brought action in this state to enforce it. But

a voluntary payment to such an administrator has always been held valid. Therefore, in receiving this payment Mr. Knittel was the representative of the deceased and able to give an effectual discharge to the defendant." In that case a will of the decedent was subsequently found and admitted to probate. It was, however, held that the letters of administration theretofore issued were not void, and, until they were revoked, persons dealing with the administrator in good faith were protected. It is thus apparent that the administrator of the domicile was vested with the power to collect all of the outstanding debts owing to the intestate, and that where payments were made to him in good faith the debt was discharged. So far all of the authorities appear to be in accord. This narrows the discussion to the question arising out of the fact that an administrator had been appointed in this state before the administrator of the domicile had applied for and obtained the deposit in the defendant bank.

Statutory provisions for the issuing of ancillary letters appear as early as the first revision of the statutes, and, with some changes, have been continued to the present time. The purpose of such letters was undoubtedly intended to aid foreign executors and administrators in the collection of claims against persons residing in this state, and to operate as a protection for home creditors. We consequently have provisions authorizing the surrogate to require security of administrators sufficient to protect creditors (Laws of 1863, chap. 403); and finally the surrogate is authorized by his decree on final accounting of administrators, after having fully protected the rights of the creditors within this state, to transmit the money and other personal property remaining of the decedent, to the state, territory or county where the principal letters were granted, to be disposed of pursuant to the laws of that state. (Code Civ. Pro., §§ 2700, 2701.)

It is thus apparent that the plaintiff upon receiving letters of administration in this state became entitled to the assets of his intestate, and had the right to collect from the defendant the amount she had on deposit in the bank at the time of her

decease. He, however, was required to act with reasonable dispatch. He could not be permitted to remain silent and suffer the administrator of the domicile to collect the debts and carry away the assets, without objection or the disclosing of his appointment as administrator in this state to the persons owing the debts or having the custody of the assets, and then recover from them. As we have seen, the plaintiff was appointed administrator in this state on the 9th day of March, 1899, and for five months and a half thereafter he remained idle, taking no steps to give notice to the defendant bank of his appointment, or to make any demand upon it to pay him the amount on deposit, until after the administrator of the domicile had called upon the bank for payment and received the amount due from it to the estate. We, consequently, conclude that the act of the bank, in making the payment to him in good faith without knowledge that another administrator had been appointed in this state, operated as a discharge of the indebtedness.

It is contended on behalf of the plaintiff that the defendant had constructive notice of the appointment of an administrator in this state, arising out of the fact that the appointment of the plaintiff was a matter of record in the surrogate's office. We, however, are not inclined to adopt this view. Such a rule would seriously interfere with the collection of debts, and would become exceedingly burdensome to debtors. It might be impossible for them to determine the counties in the state in which the decedent had personal property. It would, therefore, become necessary for them to examine the records of every surrogate's office in the state in order to determine whether an administrator had been appointed.

The judgment should be affirmed, and judgment absolute ordered for the defendant upon the stipulation, with costs.

Parker, Ch. J., Gray, O'Brien, Martin and Werner, JJ., concur; Cullen, J., not voting.

Judgment accordingly.