MARIE A. SCHER, Respondent, *v.* GEORGE D. ADAMS, Appellant.

Second Department, April 22, 1927.

Parties — substitution of parties — action was originally commenced by wife to recover money due under separation agreement — upon death of wife, foreign executor was substituted as plaintiff — executor assigned claim to present plaintiff, resident of New York — order substituting present plaintiff in place of executor was properly made (Civ. Prac. Act, § 83).

The order substituting the present plaintiff, a resident of New York and assignee of the executor of the original plaintiff who died a resident of New Jersey, was properly made in this action brought by the wife to recover the amount due

under a separation agreement (Civ. Prac. Act, § 83). The claim, which is on a contract, accrued to the wife prior to her death and upon her death passed to her executor who was appointed in New Jersey. The foreign executor had the right and power to assign the claim to the plaintiff.

APPEAL by the defendant, George D. Adams, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 29th day of January, 1927, substituting Marie A. Scher as plaintiff and granting leave to said plaintiff to serve a supplemental complaint, with notice of intention to bring up for review an order entered in said clerk's office on the 30th day of June, 1926, directing that the action be revived and continued in the name of Carl A. Mautz, as executor.

*H. K. Bender,* for the appellant.

*Cyril F. Dos Passos,* for the respondent.

Order substituting respondent Scher, assignee of the cause of action, as plaintiff, affirmed, with ten dollars costs and disbursements, upon opinion of Mr. Justice TAYLOR at Special Term. Appeal from prior order continuing action in name of executor, dismissed without costs, as academic, the executor having assigned the cause of action.

KELLY, P. J., MANNING, YOUNG, KAPPER and HAGARTY, JJ., concur.

The following is the opinion of the Special Term:

TAYLOR, J. The action was brought by a wife against her husband to recover sums of money alleged to be due under a separation agreement. The wife died during the pendency of the action, a resident of New Jersey, in which State her will was duly probated and letters testamentary duly issued to the executor thereof. This foreign executor has assigned said claim to the applicant, by an instrument under seal reciting a valuable consideration. That such assignment vests the claim in the assignee is not doubtful. (*McNulta* v. *Huntington,* 62 App. Div. 257; *Maas* v. *German Savings Bank,* 73 id. 524, 527; affd., 176 N. Y. 377.) Some time since such executor was substituted herein as plaintiff. Counsel on both sides then overlooked the circumstance of the repeal of former section 160 of the Decedent Estate Law.* However, as the said order stands unreversed, it is valid. Now there has been a further devolution of the claim in suit by reason of the assignment above referred to. The claim, which is on contract, accrued to

---

* Added by Laws of 1920, chap. 919, as amd. by Laws of 1925, chaps. 253, 603; repealed by Laws of 1926, chap. 660.—[REP.

the deceased wife of the defendant in her lifetime; hence, under plain principles, it passed as of the date of her decease to the executor of her will; and now is vested, as aforesaid, in his assignee. The latter's motion for a substitution of herself as plaintiff (Civ. Prac. Act, § 83), and for the other relief prayed for in the moving affidavits, is granted, with ten dollars costs to the moving party to abide the event of the action. Settle order on notice.