## VOGEL et al. v. NEW YORK LIFE INS. CO. et al.

### No. 6215.

Circuit Court of Appeals, Fifth Circuit.

Jan. 8, 1932.

Rehearing Denied Feb. 12, 1932.

Glover C. Johnson, of Fort Worth, Tex., for appellants.

Wm. H. Clark, Jr., Eugene P. Locke, and Ralph Randolph, all of Dallas, Tex., and Louis W. McKernan, of New York City, for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The New York Life Insurance Company brought its bill of interpleader under 28 USCA § 41 (26), in a District Court in Texas against Josephine E. Vogel, a citizen of Texas, as executrix of a will of Herman Specht probated in Texas, and against Theodore H. Thiesing, a citizen of New York, as agent, trustee and assignee of the executors of another will of Specht which had been set up in Hamburg, Germany, to determine which of them was entitled to the proceeds of two policies of insurance on the life of Specht, payable to Specht's executors, administrators, and assigns. The money was paid into court, the policies surrendered, and the insurance company discharged from the case. Thiesing in his answer asserted that he was the lawful assignee of the German executors, that Specht was domiciled at Hamburg at the time of his death, and that the policies, being personal property, passed to him under this domiciliary administration. Vogel contended in her answer that the policies were payable to her as executrix of the will probated in Texas, that there had been no such probate of the German will as was entitled to faith and credit here, and that the German will had been denied probate in Texas, making it res judicata that it was no valid will. After a trial, decree was given in favor of Thiesing, and Vogel as executrix appeals.

The material facts are that Specht was born in Germany, migrated while a young man to Texas, where he became a naturalized citizen of the United States, took out the insurance in dispute, and on June 1, 1912, made the will according to Texas law above referred to as the Texas will. Early in 1915 he returned to Germany and acquired a domicile in Hamburg. On June 7, 1915, he made a will there, expressly revoking the former will, and making another disposition of the proceeds of his insurance. This will was drawn up and sealed by two notaries in the presence of two other witnesses in accordance with German law, and filed in the probate court in Hamburg, in which, after his death on May 23, 1918, it was opened, recorded as his will, and letters testamentary were issued on June 3, 1918. These proceedings were regular according to German law. On June 15, 1919, Vogel applied for probate of a photostatic copy of the Texas will in the county where Specht had resided before going to Germany, and where at his death he owned both real and personal property, alleging the original will to be inaccessible because of the state of war between the United States and Germany. Probate was obtained March 3, 1919. As executrix, she has since possessed and administered the property in Texas without interference. On July 19, 1926, the German executors offered a certified copy of the German proceedings for an ancillary probate in Texas under article 3365 of Rev. Stats. of Texas of 1925. Vogel contested the probate on two grounds: that more than four years had elapsed since the death of Specht; and that he was of unsound mind when the German will was executed. Probate was denied generally, without stating on which ground. Specht had the original policies of insurance in Germany, and Thiesing surrendered them into court. A certified copy of each will and the proceedings establishing it and granting letters testamentary was in evidence, and there was testimony that in Germany full faith and credit was given to probate proceedings had in the United States upon the wills of persons domiciled here. The assignments of error question no finding of fact, but raise three questions of law, to wit: Is the invalidity of the German will res judicata? Is the Texas probate controlling? Can the German probate be relied on here as a source of title?

The District Court found Thiesing to be "the lawful assignee of the domiciliary representative," and awarded him personally a decree for the entire amount of the policies. No assignment of error goes to this point, and we will not go behind the finding on it, but will treat him as the full successor in title to the German executors. As such privy in title since the judgment, is he then concluded by the Texas judgment refusing probate to the German will? If this were a second effort to probate that will in Texas, it would be held that the matter had been put at rest as res judicata, and that not only the issues actually raised and decided, but all that could and should have been, were concluded. But as will be shown, the present issue is not the provability of the will in Texas but its validity elsewhere, so that the question is rather one of estoppel by judgment; that is, whether the parties by having actually litigated a particular issue to a judgment on it are estopped again to litigate that issue in respect to another cause of action. Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195. The burden of proving such an estoppel is on the party asserting it. If the record of the former litigation shows that the issue sought to be estopped was involved and might have been decided, but does not show that it was decided or must have been in order to reach the judgment

rendered, the record alone is insufficient to establish the estoppel, and the doubt must be resolved by extrinsic evidence showing that issue to have been actually tried and decided. Russell v. Place, 94 U. S. 606, 24 L. Ed. 214; DeSollar v. Hanscome, 158 U. S. 216, 15 S. Ct. 816, 39 L. Ed. 956; Draper v. Medlock, 122 Ga. 234, 50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650. The record here offered shows that two issues were pleaded; one of limitation under the Texas statute, article 3326 Rev. Stats of 1925, prohibiting probate after four years from the testator's death unless diligence be proven, and the other a want of testamentary capacity. If the judgment refusing probate went on the first issue, it settled only that the will could not then be probated in Texas, but settled nothing about its original validity. The record does not show, nor was there any extrinsic proof made, that the court tried and decided the issue of testamentary capacity rather than that of limitation. An estoppel touching the original validity of the will is therefore not established.

 That the German will has not been and cannot be probated in Texas, and that another will with a different executrix has been established there have no materiality in this case, because Texas was not the domicile at death of the testator, and the property here in dispute was not assets there for administration. In countries taking their jurisprudence from the English common law, title to land passes only by the lex rei sitæ. To be a muniment of title a will must be executed and proven according to that law, and probate in another state or country has no effect, unless given it by the local law. Darby v. Mayer, 10 Wheat. 465, 6 L. Ed. 367; McCormick v. Sullivant, 10 Wheat. 192, 6 L. Ed. 300; Robertson v. Pickrell, 109 U. S. 608, 3 S. Ct. 407, 27 L. Ed. 1049. On the other hand, while a state may undoubtedly assert power also over personal property actually within its borders, Iowa v. Slimmer, 248 U. S. 115, 39 S. Ct. 33, 63 L. Ed. 158, it is a rule so general as to be esteemed a settled principle of private international law that, unless it affirmatively does so, personal property of a decedent, following the person, passes and is distributed according to the law of his domicile at death, no matter where the property may be, and, when the distribution is modified by a will, the will must conform to and operates in accordance with the law of the domicile. 11 R. C. L., Excrs. and Admrs., §§ 67, 548; Ennis v. Smith, 14 How. 400, 14 L. Ed. 472; Wilkins v. Ellett, 9 Wall. 740, 19 L. Ed. 586;

Jones v. Habersham, 107 U. S. 174, 2 S. Ct. 336, 27 L. Ed. 401. Choses in action, such as these policies, are sometimes considered as having their situs at the domicile of the debtor, especially for purposes of their enforcement. They may be there garnisheed and attached. Chicago, R. I. & P. R. R. Co. v. Sturm, 174 U. S. 710, 19 S. Ct. 797, 43 L. Ed. 1144. Simple contract debts are there bona notabilia for the purpose of a nondomiciliary administration. 11 R. C. L., Excrs. and Admrs. § 67; Wyman v. Halstead, 109 U. S. 654, 3 S. Ct. 417, 27 L. Ed. 1068. But as respects ownership of and the transfer of title to them, such choses are referred to the domicile of the owner; as in taxing ownership, Cleveland, etc., R. R. Co. v. Pennsylvania, 15 Wall. 300, 21 L. Ed. 179; or its transfer, Farmers Loan & Trust Co. v. Minnesota, 280 U. S. 204, 50 S. Ct. 98, 74 L. Ed. 371, 65 A. L. R. 1000; Blodgett v. Silberman, 277 U. S. 1, 48 S. Ct. 410, 72 L. Ed. 749. In no sense and for no purpose were these policies property in Texas prior to the filing of this bill. It is true that their proceeds now constitute a fund in that state, but it was paid into court by requirement of 28 USCA § 41 (26) as a part of the remedy there provided for the debtor insurance company. It stands in place of the policies, and no right of either party is altered by the payment. The locus of the litigation is fixed by that statute, and has no effect on the ownership of the policies. Their situs as choses in action to be enforced was and remains in New York, the domicile of the debtor, and the jurisdiction that either claimant must have entered in order to collect them if interpleader had not been sought. The law of New York, rather than that of Texas, touching foreign wills and administrations must be looked to. However important the action of the Texas probate courts may be as to real or personal property located in Texas, since Texas was not the testator's death domicile it is immaterial elsewhere.

 On the other hand, the original and primary jurisdiction to probate a will of personalty and to administer such property is that of the domicile, even though no property be found there. 11 R. C. L., Excrs. and Admrs., § 65; 28 R. C. L., Wills, § 366. Administration of such property elsewhere is essentially ancillary, and where the domicile is not in dispute, after satisfying local demands, the residue is regularly transmitted to the domicile for final distribution under those laws by which the distributees or leg-

atees must claim. The German court had this jurisdiction, and its executors have the domiciliary administration. While the right of the domiciliary administrator or executor to sue in the court of another country is not here recognized, 11 R. C. L., Exers. and Admrs., § 551; Story, Conflict of Laws, § 513; Vaughan v. Northup, 15 Pet. 1, 10 L. Ed. 639, yet prior to the establishment of a local administration the foreign representative may receive voluntary payment from local debtors. 11 R. C. L., Exers. and Admrs., § 534; Wilkins v. Ellett, 9 Wall. 740, 19 L. Ed. 586; Id., 108 U. S. 256, 2 S. Ct. 641, 27 L. Ed. 718. He may, if so empowered by the will or the law, assign a chose in action, and the assignee may, without local administration, sue in his own name in the courts having jurisdiction over the debtor. The executor's inability to sue without local letters is held to be personal to him, and does not affect the enforcement of the title passed to his assignee. 11 R. C. L., Exers. and Admrs., § 554; Harper v. Butler, 2 Pet. 239, 7 L. Ed. 410; Wilkins v. Ellett, 108 U. S. 256, 2 S. Ct. 641, 27 L. Ed. 718; Story, Conflict of Laws, §§ 358, 359. This doctrine is well established in New York, the domicile of the debtor here. Petersen v. Chemical Bank, 32 N. Y. 21, 88 Am. Dec. 298; Scher v. Adams, 220 App. Div. 309, 221 N. Y. S. 547; Owsley v. Central Trust Co. (D. C.) 196 F. 412. We perceive no need for the assignee to probate the German will in New York, since no administration is there sought. No such thing was required in the cases cited. Indeed, the contents of the will are not material, but only the validity of the German administration, for the assignment is an act of administration not vesting a title under the will, but transferring the title of the testator. The duly certified exemplification showing the making and filing of the German will and its opening in court resembling a probate in common form here, and administration founded thereon, is entitled to faith and credit here; Germany extending such faith and credit to our like proceedings. Hilton v. Guyot, 159 U. S. 173, 16 S. Ct. 139, 40 L. Ed. 95. If, because of the form of such proceedings in Germany and the failure to give notice and opportunity to be heard to those claiming under the Texas will, the German will is still open to attack by them for want of testamentary capacity, no such attack was attempted in this case. We are not called on to decide whether it could be made in a court of the United States or whether recourse must be had to the courts of Germany. See O'Callaghan v.

O'Brien, 199 U. S. 89, 25 S. Ct. 727, 50 L. Ed. 101; Sutton v. English, 246 U. S. 199, 38 S. Ct. 254, 62 L. Ed. 664. The German proceedings show at least prima facie a will of personalty valid in Germany, the domicile of the testator.

In addition to the principles discussed above, since Specht had resided in his native Germany for more than two years before his death, it is to be presumed, under the provision of 8 USCA § 17, that he ceased to be a citizen of the United States and became again a German. By the Treaty of Peace with Germany proclaimed Oct. 14, 1925, 44 Stats., vol. 3, p. 2132, "Nationals of either High Contracting Party may have full power to dispose of their personal property of every kind within the territories of the other, by testament, donation, or otherwise, and their heirs, legatees and donees, of whatsoever nationality, whether resident or nonresident, shall succeed to such personal property, and may take possession thereof, either by themselves or by others acting for them, and retain or dispose of the same at their pleasure." We think this provision was intended to be retroactive over the period of the war, and to apply to wills then made. It certainly applies to the taking possession or other disposition since the date of the treaty of personal property in the United States bequeathed by a German will. A fair interpretation of the treaty requires the recognition as valid of the will of a German established as valid in Germany, and of the proceedings thereunder disposing of personal property here. The court did not err in recognizing Thiesing's title under the German domiciliary administration rather than the claim of the executrix under the prior Texas will.

Judgment affirmed.