Per Curiam.

On April 19, 1945, plaintiff had a savings account with the defendant. On that day he personally withdrew $5,000 from his account upon his duly executed withdrawal slip. He received therefor a teller’s check to his own order, drawn on a commercial bank in which the defendant had funds on deposit.
On that day or the following day he went to North Carolina, taking the check and the bankbook with him. He stayed in North Carolina with his son for about six months. On October 29, 1945, he was committed as an incompetent person to a North Carolina institution, and on November 28, 1945, his son was appointed his guardian by the Superior Court of North Carolina and qualified as such. Acting under the letters of guardianship issued to him, the guardian took possession of plaintiff’s property, including the $5,000 check and the bankbook. He indorsed the check as guardian and deposited it in a guardianship savings account in a bank in North Carolina in his name, as guardian for the plaintiff. On November 30, 1945, the cancelled check of $5,000 was returned to the defendant, having been paid by the bank on which it was drawn. Attached to the check was a certified copy of letters of guardianship.
On May 2, 1946, the balance remaining in plaintiff’s account with the defendant was withdrawn by the guardian, due proof of his appointment having been filed with the bank.
Plaintiff remained in the North Carolina institution for about two years. In August, 1948, he instituted a proceeding in the Superior Court of North Carolina to terminate the guardianship and obtain an accounting of the guardianship funds, which included the amount of the account which plaintiff had with the defendant and which had been withdrawn and deposited in the *545 guardianship estate. The proceeding was contested by the guardian, and on December 29,1948, after a jury trial, judgment was entered denying plaintiff’s petition and continuing the guardianship.
Thereafter, and in January, 1949, plaintiff made demand upon the defendant for payment of the amount originally in his savings account and brought this action to recover the same. Plaintiff has recovered judgment for the full amount of his claim, and, by amended judgment, interest thereon. The judgment may not be sustained even if there be disregard of the several defenses, including those of laches and payment under the alleged express agreement between the parties, evidenced by the by-laws of the savings bank, to the effect that issuance of the check and not collection of the proceeds thereof constituted final payment and discharge.
While the guardian appointed by a foreign court may have no status to invoke legal proceedings in this State in respect of property situate here (Stock v. Mann, 255 N. Y. 100), the defendant was entitled to recognize the validity of the guardian’s appointment and to make payments to him on the incompetent’s behalf without being subjected to double liability therefor. The rule, supported by abundant authority, seems to be that a foreign conservator or guardian has authority, without complying with local law, to receive money or property located in another State where the same is paid or delivered voluntarily. (44 C. J. S., Insane Persons, § 154, p. 333; Schmid & Smith v. Shaw, 83 Ind. App. 122; Maas v. German Savings Bank, 176 N. Y. 377; Parsons v. Lyman, 20 N. Y. 103; cf. Matter of Hanrahan, 109 Vt. 108.)
The judgments of the North Carolina courts are entitled to full faith and credit; and the fact that the plaintiff was at all times a resident of New York has no especial influence on the determination of this appeal, under all the facts and circumstances.
The original judgment having been superseded by the amended judgment, the appeal from the original judgment should be dismissed, without costs. The order amending the judgment, and the amended judgment entered thereon, should be reversed on the law and the facts, with costs, and judgment should be directed for the defendant, with costs.
The parties waived a jury trial and the action was tried by the court, without a jury. Findings of fact and conclusions of law were likewise waived; and the evidence is not disputed.