■ In the Matter of the Estate of LAURENCE WHITNEY, Deceased. WEN MEI LU-WHITNEY, Appellant; SARAH WHITNEY, Respondent. [869 NYS2d 282]—

---

Kane, J.

Decedent, a domiciliary of California, executed a will in October 2005, married petitioner a few weeks later, and died in February 2006. After the named executor declined to serve, the Superior Court of California admitted decedent's will to probate, and appointed petitioner as administrator. The California court required that petitioner post a $200,000 bond.

Petitioner commenced this proceeding seeking ancillary letters of administration c.t.a. The petition listed estate assets of over $750,000 in personal property and over $2.4 million in real property located in Saratoga County. Respondent, who is decedent's adult child, did not object to petitioner's appointment but requested that petitioner be required to post a bond. Surrogate's Court ordered that ancillary letters be issued to petitioner only after she posted an $800,000 bond. Petitioner appeals from that order and from the court's denial of her motion to renew and reargue. We affirm.

This Court will only disturb the amount of a bond when Surrogate's Court abused its discretion in fixing the amount (see *Matter of Jackson*, 18 AD2d 751, 751 [1962]; see also SCPA 1608 [2]). When issuing ancillary letters, "the bond may be in such sum as to the court seems just, unless the will dispenses with the filing of a bond by the fiduciary named therein, in which case the court may dispense with the filing of a bond by the fiduciary so named" (SCPA 1608 [2]). Contrary to petitioner's argument, this provision authorizes the court to issue letters without requiring a bond only where the will dispenses with that requirement for a fiduciary specifically *named* in the will. Decedent's will contained such a provision pertaining to the named executor. But when that named fiduciary declined to serve and the court appointed petitioner—a fiduciary not named in the will—as administrator, the statute required imposition of a bond in an amount fixed by the court in its discretion.

The doctrine of res judicata and the US Constitution's Full

Faith and Credit Clause do not preclude Surrogate's Court from requiring petitioner to post a bond. Although the California court imposed a bond requirement, the subject matter in the two courts is not precisely the same. To garner res judicata effect, a prior judgment must deal with the same subject matter as in the current case (*see Matter of Josey v Goord*, 9 NY3d 386, 389-390 [2007]; *Matter of Hunter*, 4 NY3d 260, 269 [2005]). Similarly, the Full Faith and Credit Clause is not implicated where the issue decided by a court in a sister state is different from the issue being decided by a New York court. Letters of administration issued in California have no extraterritorial force and do not affect decedent's considerable property in New York (*see Maas v German Sav. Bank*, 73 App Div 524, 527 [1902], *affd* 176 NY 377 [1903]). While the California probate proceeding is primary and New York's proceeding is merely an ancillary and "assistive vehicle" (*Matter of Obregon*, 91 NY2d 591, 599 [1998]), the requirement of a bond in ancillary proceedings, even if a bond has been secured in the jurisdiction of the primary estate proceeding, serves to protect the interests of creditors in this state (*see Matter of Prout*, 128 NY 70, 74 [1891]; *see also Wedemann v United States Trust Co.*, 258 NY 315, 319 [1932]). Because the California court was not aware of the extent of decedent's New York property at the time it imposed its bond requirement and the bonds serve to protect different interests in the estate property, neither res judicata nor the Full Faith and Credit Clause are implicated here.

Considering the value of estate property located in New York, we cannot say that Surrogate's Court abused its discretion by requiring an $800,000 bond as a condition to issuing ancillary letters to petitioner (*see* SCPA 1608 [2]; *Matter of Jackson*, 18 AD2d at 751).

Finally, Surrogate's Court properly denied petitioner's motion. To the extent that the motion was one for reargument, denial was not appealable, and the new information was insufficient to grant renewal (*see Matter of Linney v City of Plattsburgh*, 49 AD3d 1020, 1022 [2008]).

Cardona, P.J., Mercure, Lahtinen and Kavanagh, JJ., concur. Ordered that the orders are affirmed, with costs.