PARKER, Ch. J., O'BRIEN, MARTIN, VANN, WERNER, JJ.
(and GRAY, J., in result), concur.

Order reversed, etc.

MARY E. MAHON, as Executrix of JOHN PODMORE, Deceased,
Respondent, *v.* SOUTH BROOKLYN SAVINGS INSTITUTION,
Appellant.

SAVINGS BANKS — LIABILITY TO LEGAL REPRESENTATIVES OF DECEASED
DEPOSITOR — EVIDENCE TENDING TO SHOW EXERCISE OF DUE CARE IN
MAKING PAYMENT TO WRONG PERSON NOT ADMISSIBLE.   On the trial of
an action brought by the legal representatives of a deceased depositor
against a savings bank to recover a deposit erroneously paid by the bank,
after the death of the depositor, to one who claimed it as a gift *causa mor-
tis* from the decedent, it is not error to exclude evidence tending to show
that the bank exercised due care in making the payment, where a by-law
of the bank provides that "although the institution will endeavor to pre-
vent frauds and impositions, yet all payments made to persons producing

the pass book issued by it shall be valid payments to discharge the institution ; " and another by-law provides " that on the decease of any depositor the amount standing to the credit of the deceased shall be paid to his or her legal representatives ; " since the two by-laws must be read together, and so read the former must be construed to apply only to the case of a living depositor by whose carelessness his pass book gets into the hands of a third person who presents it to the bank, and enables it, upon showing its care and diligence in making a payment to the person presenting the pass book, to protect itself against a second demand from the careless depositor; the latter by-law is intended to protect a depositor who can no longer protect himself, and, therefore, the bank is bound thereby to see that payment is made to the duly appointed legal representative of the deceased depositor, and payment to any other person is made at the peril of the bank.

*Podmore* v. *South Brooklyn Savings Inst.*, 67 App. Div. 619, affirmed.

(Argued April 9, 1903 ; decided April 28, 1903.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 21, 1901, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Warren Greene* for appellant.

*Edward Hymes* and *Michael Schaap* for respondent. The exercise of diligence cannot protect the bank in view of its knowledge of the depositor's death. (L. 1882, ch. 409, § 257; *Farmer* v. *M. S. Inst.*, 60 Hun, 462 ; *Fowler* v. *B. S. Bank*, 113 N. Y. 450.)

Werner, J. This action was originally brought by the legal representative of one Ann Caldwell, deceased, who, in her lifetime, had been a depositor in the defendant savings bank, to recover the sum of five hundred dollars, which, at the time of the depositor's death, appeared to her credit upon the books of the bank. The present plaintiff is the executrix of the original plaintiff, who, as the husband of the deceased depositor, procured letters of administration upon her estate

and then brought this action.    After the trial and during the
pendency of this appeal, the original plaintiff died and the
executrix under his will was substituted as plaintiff herein.
The deceased depositor, prior to her marriage with Podmore
the original plaintiff, bore the name of Ann Caldwell, or Col-
well, and had in that name, at the time of her death, on deposit
with the defendant a sum which, with interest, on the 5th day
of December, 1898, the date of the demand herein, amounted
to five hundred and twenty dollars.    Upon defendant's
refusal to pay this amount to the plaintiff this action was
brought.    The defendant's answer alleged, and its evidence
tended to prove, a gift *causa mortis* from the deceased depos-
itor to one Bridget O'Reilly, to whom the deposit was, in fact,
paid by the defendant, but the learned trial court expressly
found that no such gift had been made, and the judgment
entered upon this decision, which was in the short form, has
been unanimously affirmed by the learned Appellate Division.
As this affirmance compels us to assume that there is sufficient
evidence to sustain the decision (*Reed* v. *McCord*, 160 N. Y.
330), the only question presented by this record, that survives
for investigation in this court, is whether it was proper to
exclude the evidence offered by the defendant to show its
diligence and care in making payment of the deposit in ques-
tion to Bridget O'Reilly.    The entry upon the record is that
" Mr. Greene (defendant's counsel) produced evidence tending
to show that the bank (the defendant) exercised due care in
making the payment."    This evidence was excluded, and
defendant excepted.    The evidence thus offered and excluded
is to be considered in connection with the by-laws of the
defendant received in evidence, which, so far as material to
this discussion, provide that " on the decease of any depositor
the amount standing to the credit of the deceased shall be
paid to his or her legal representatives.    *   *   *    Although
the institution will endeavor to prevent frauds and imposi-
tions, yet all payments made to persons producing the pass
book issued by it shall be valid payments to discharge the
institution."

We think the evidence was properly excluded. · The rule of diligence invoked by the defendant bank applies only to the case of a living depositor. When through a depositor's carelessness his bank book gets into the hands of a third person who presents it to the bank, the latter may show its care and diligence in making payment to the person presenting the pass book, and thus protect itself against a second demand for payment by the careless depositor. But this by-law which is designed to protect the bank in such a case must be read in connection with the other by-law, which provides that after the depositor's death payment must be made "to his or her legal representatives." This latter by-law is for the protection of the depositor who can no longer protect himself, and, therefore, the bank is bound to see that payment was made to the proper person. Payment to any other person is made at the bank's peril. This is the rule laid down in *Farmer* v. *Manhattan Savings Institution* (60 Hun, 465), followed in the case at bar on a former appeal in 48 App. Div. 221, and which we now approve.

The judgment herein should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, MARTIN, VANN and CULLEN, JJ., concur.

Judgment affirmed.