VINCENT *v.* PORT HURON SAVINGS BANK.

BANKS AND BANKING—SAVINGS BANKS—DEPOSIT—PAYMENT—PRO-
DUCING PASS BOOK—NECESSITY.

In this case, involving the right of a savings bank to require an
administrator to give an indemnity bond as a condition of
its paying a deposit belonging to his intestate, the pass book
not being produced, a judgment for plaintiff is affirmed by a
divided court; Mr. Justice OSTRANDER, with whom concur
Chief Justice MCALVAY and Justices BLAIR and MOORE, writ-
ing for affirmance on the ground that section 6107, 2 Comp.
Laws, is penal, and that "good cause" for the nonproduction
of the book was shown; and Mr. Justice HOOKER, with whom
concur Justices CARPENTER, GRANT, and MONTGOMERY, writ-
ing for reversal on the ground that the statute and the rules
of the bank created the contract between the depositor and
the bank and that the bank had a right to insist on assur-
ances satisfactory to itself before paying the deposit.

Error to St. Clair; Tappan, J.   Submitted October
12, 1906.   (Docket No. 81.)   Decided March 12, 1907.

Assumpsit by Edward L. Vincent, administrator of
the estate of Fannie Slater, deceased, against the Port
Huron Savings Bank to recover the amount of a deposit.
There was judgment for plaintiff, and defendant brings
error.   Affirmed by a divided court.

*Stevens, Graham & Stevens* (*William T. Mitchell*,
of counsel), for appellant.

*Carl A. Wagner*, for appellee.

HOOKER, J.   The defendant, having a savings deposit
standing on its books in the name of Fannie Slater, to
whom it had issued a pass book, in conformity to the custom
of the bank, refused to pay the amount in its hands to her
administrator, unless he should produce the pass book, or

give the bank a bond securing it against loss from such payment. Thereupon the administrator commenced this action to recover the amount. The cause was tried without a jury, and a judgment was rendered in favor of the plaintiff. The case is here on error at the instance of the defendant.

Counsel's brief does not point out the assignments of error relied on, as required by Supreme Court Rule No. 40. Its discussion is confined to the question:

" Whether, under the circumstances, the cashier was justified in requiring security against loss to the bank before paying the money to the plaintiff."

To determine this question we must look to the findings of fact to ascertain the circumstances. According to the findings, Fanny Slater became a depositor in the defendant's bank on August 20, 1883, receiving a pass book from the savings department, and continued a depositor to the time of her death, on June 6, 1905. Her balance on deposit on February 6, 1906, was $530.75. The last deposit of principal made by her was November 15, 1887. The last withdrawal of cash was December 30, 1903. Immediately after her death her friends took charge of her home and made search for valuables. Repeated searches have failed to find the bank book. Vincent was appointed administrator of her estate on August 25, 1905. After demand of the balance he showed defendant's officers a certified copy of his letters of administration, and tendered a properly executed check, signed by him as administrator, for the balance. Defendant's officers acknowledged that the bank had the deposit, but refused to pay over the balance unless plaintiff should execute and deliver to the bank a bond to indemnify the bank against loss and expense on account of any demand that might thereafter be made by a claimant who should produce the book. The defendant claims that its by-laws and the statute under which it was organized justify the refusal, and preclude plaintiff's recovery in this action.

The statute (sections 6115 to 6123, 2 Comp. Laws) provides: That savings banks shall pay their depositors, when required, at such times and with such interest, and under such regulations, as the board of directors may prescribe, which regulations shall be printed, etc. Section 6115.

That a pass book shall be issued containing the rules and regulations, and no payment or check against the savings deposit shall be made, unless accompanied by, and entered upon, the pass book, except *for good cause, and on assurances satisfactory to the officers of the bank.* Section 6117.

The following rules were in force and printed on the pass book:

"Rule 8. It shall be the duty of the cashier to receive all deposits and payments of money to the bank and to pay out all sums of money properly drawn by depositors and enter the same in the books of the bank and for such purpose he shall see that proper receipts are given to the bank for all payments and that each depositor's name is properly signed in the signature book of the bank.

"He shall deliver to each depositor a pass book, in which the sum paid or received by him shall be entered, and which shall be his or her voucher and the evidence of his or her property in the institution.

"Rule 13. On making the first deposit, the depositor shall be required to subscribe his or her name in the signature book of the institution, thereby signifying his or her assent to the regulations and by-laws of the bank.

"Rule 17.  *  *  *  Money shall only be drawn out by the depositor, or some person legally authorized by said depositor; but no person shall receive any part of his or her principal or interest without producing the original book, that such payment may be entered therein.

"Rule 19. On the decease of any depositor the amount standing to the credit of the deceased shall be paid to his or her legal representatives when legally demanded.

"Rule 21. The cashier will endeavor to prevent frauds, but all payments made to persons producing a deposit book or duplicates thereof shall be deemed good and valid payments to the depositors respectively."

Counsel for the appellant contend that rule 17 is authorized by 2 Comp. Laws, § 6117, and that under that rule there is no obligation to pay until indemnity satisfactory to the bank shall be furnished. That a depositor is bound by the by-laws of the bank is settled by many cases. They are a part of the contract. See 2 Morse on Banks & Banking (4th Ed.), § 620, and cases cited; *Allen* v. *Savings Bank*, 69 N. Y. 317; 24 Am. & Eng. Enc. Law (2d Ed.), p. 1255. If we give the least possible effect to the statute, we must say that it gives to the bank a right to refuse payment until it receives reasonable assurances that it may safely pay, while the by-law amounts to a contract with the depositor that it need not pay without the production of the pass book, if the depositor may make such a contract, and we see no reason why he may not. When we construe rule 17 in connection with the statute (section 6117, 2 Comp. Laws), in the light of the rule that a forfeiture is not to be favored, we must conclude that the parties contracted that the bank should not be asked to pay without the production of the pass book, except in cases where a good excuse could be shown for its nonproduction, and then only upon satisfactory assurances. But we may omit the by-law from consideration, and the statute remains which permits, if it does not require, that the bank shall withhold a payment demanded without production of the pass book that entry may be made, in the absence, *first*, of a good cause for the nonproduction, and *second*, reasonable assurance of safety in making payment. The question here is not whether a bank may demand a bond, in all such cases, but whether, under the proofs, the bank was bound to be satisfied by the ex parte representation made about a matter of the truth of which it could have no means of knowledge. The bank has not refused to be satisfied, and its suggestion of a bond is consistent with a bona fide effort to relieve the administrator from an embarrassment, rather than an intention to take advantage of the situation to retain money not belonging to it.

The case of *Mahon* v. *Savings Institution*, 175 N. Y. 69, turned upon by-laws alone, which differed from the by-laws of this bank, and furthermore it involved no such statute as this case does. Had the statute not contained the provision as to assurances, there would be more opportunity for the claim that the bank must pay upon demand accompanied by a reasonable excuse for the nonpresentation of the book; but that provision appears to contemplate, not only a good reason, but something by way of assurance to the bank. We construe that to mean assurances that should satisfy the bank, and that means something more than ex parte prima facie evidence that the person has a right to demand and receive the money. This statute is not complied with by the presentation of assurances which are unsatisfactory to the bank, so long as the bank acts reasonably and in good faith. In this case it is claimed that the bank is in doubt whether the administrator is lawfully entitled to this deposit, and it asked indemnity against loss through claims by others. No clear evidence appears that Fannie Slater owned this deposit when she died, and the book was not found. Under the circumstances the plaintiff failed to prove a cause of action against the bank. While it may be inferable that the proof showed a prima facie case of ownership by Fannie Slater at her death, and that the judge must have so found, or he would not have rendered a judgment for the plaintiff, that is not sufficient to justify such judgment. Were Fannie Slater alive, making claim to the money, she would not only be required to excuse the nonproduction of the book, but she would also be required to comply with the other provision of the statute. The administrator is in no better position. Yet he has made no effort to discharge that obligation, by giving a bond of indemnity, or any other satisfactory assurance. We cannot dispose of this case on the ground that it may be difficult for depositors to comply with these rules. Courts can neither make contracts nor relieve parties from the hardships of their valid agreements.

The judgment should be reversed, and a new trial ordered.

CARPENTER, GRANT, and MONTGOMERY, JJ., concurred with HOOKER, J.

OSTRANDER, J. I think the judgment should be affirmed. Section 6117, 2 Comp. Laws, is a part of a statute regulating the business carried on by banks organized under the laws of this State. The statute is penal (section 6107), and the provisions here in question require banks receiving savings deposits to refuse to pay them, even to the owner, unless the pass book is produced, *except for good cause and on assurances satisfactory to the officers of the bank.* The reason for this legislation is not, perhaps, important here, although it must be assumed that the reason was not mere convenience of the bank. A bank, like any other debtor, can discharge its debt by paying it to the creditor or to some person by his order. It will not be required to pay the debt a second time simply because it violated the statute at the time of making the first payment. If the bank is charged with violation of the statute in paying a deposit without having the pass book presented, its defense—excuse—must be accepted or rejected in view of all the circumstances disclosed. "Good cause" and "satisfactory assurance" must be determined, not by the officers of the bank, but by judicial triers. So, when it asserts, as reason for nonpayment of a deposit, the nonproduction of the pass book, the insufficiency of the cause shown and of the assurances offered, the question is one for judicial triers. The facts that the depositor is dead, that the demand is made by a duly qualified administrator of the depositor's estate, that the pass book is not negotiable, that no other demand is made, that several months have intervened the death and the demand, and, last but not least, that, so far as discharging the debt is concerned, payment to the depositor, with no notice of an assignment of the debt, would protect the bank, are all of them facts to be used in

testing the sufficiency of the excuse made. Assuming that the bank may set up the statutory regulation, in such a case as this, I am of opinion that the evidence warranted the finding that good cause for not producing the pass book was shown, and that the facts furnish the satisfactory assurances necessary to defeat a prosecution for violation of the statute, and to defeat a recovery by any person who may hereafter apply for the money.

Rules of a bank are usually adopted for the convenience of the bank. Undoubtedly, the rules of the defendant bank are evidence of the contract between the depositor and the bank. Rule 17, if literally enforced, would deprive a depositor of his money, if he could not produce his pass book. The case of a lost or misplaced book is not provided for in the rules. No one will assert that, if a pass book is produced, no duty rests upon the bank to use some care to ascertain that it is produced by a person having the right to the deposit. So that, notwithstanding the rule, mere production of the pass book will not require the bank to pay to the holder. An assignee of the debt—of the deposit—must, in any case, produce evidence of the assignment to himself. If rule 17, treated as a part of a contract between bank and depositor, is unreasonable as applied to the case of a lost, or apparently lost, pass book, no assignee of the fund, with notice of the rule, has the right to rely upon it absolutely, and to say he purchased the debt and took the book assuming that no one but the holder of the book could obtain the deposit. See *Ackenhausen v. Savings Bank*, 110 Mich. 175 (33 L. R. A. 408); *Mahon v. Savings Institution*, 175 N. Y. 69. If he has not this right, he is relegated to the position of the assignee of a chose in action which the debtor pays, before notice of the assignment, to the creditor. At most, such a position is bettered, if at all, by the statute requirement, and, as I have already stated, good cause has been shown, and the facts amount to reasonable assurances within the meaning of the statute.

McAlvay, C. J., and Blair and Moore, JJ., concurred with Ostrander, J.