[Civ. No. 1847.   Second Appellate District.—February 7, 1916.]

FRANK BRYSON, as Administrator, etc., Respondent, v. SECURITY TRUST & SAVINGS BANK, etc., Appellant.

BANKING LAW—WITHDRAWAL OF SAVINGS BANK DEPOSITS BY PUBLIC ADMINISTRATORS—CONSTRUCTION OF STATUTE.—The act of 1909, as amended in 1911 (Stats. 1909, p. 87; Stats. 1911, p. 1007), providing that the public administrator, upon an order countersigned by a judge of the superior court, may withdraw, without notice, money of a decedent where the same may be required for the purposes of administration, "or otherwise," creates a special right which must be complied with upon the part of the bank, with the condition that a compliance with those provisions of the statute will not impose upon the bank a liability against which it is not provided to be indemnified.

ID.—LOSS OF PASS-BOOK OF DECEASED DEPOSITOR—CONDITIONS OF DEPOSIT—COMPLIANCE NOT ESSENTIAL.—Where the pass-book of a deceased depositor has been lost and never been regularly transferred by the depositor, the bank cannot insist upon compliance with the printed conditions in the book as to publication of notice of loss and the furnishing of indemnity, as a condition to the payment of the deposit to the public administrator.

ID.—PASS-BOOK—WITHDRAWALS OF MONEY—PRODUCTION OF BOOK—NON-NEGOTIABLE INSTRUMENT.—A pass-book of a savings bank depositor is a non-negotiable instrument, where it is recited in the printed conditions stated therein that the book should be presented with every deposit made and check drawn, as such condition contemplates an order signed by the depositor separate from the delivery of the book.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

L. H. Roseberry, and J. H. Shankland, for Appellant.

Mott & Dillon, and G. C. O'Connell, for Respondent.

JAMES, J.—Plaintiff, as public administrator acting in the estate of J. D. O'Neil, deceased, brought this action to recover a sum of money alleged to have been deposited with the

defendant, a banking corporation doing a savings business, by his intestate. The judgment was in favor of the plaintiff and the defendant appeals, presenting its several contentions for reversal upon the judgment-roll.

After alleging preliminary matters respecting the death of O'Neil and the appointment of the administrator and the deposit of the sum of $500 by said O'Neil with the defendant, it was stated in the complaint that plaintiff had been unable to surrender to the defendant the deposit-book issued to decedent, and "that said deposit-book has never come into the possession of said plaintiff and that said plaintiff has never had any knowledge or information as to the whereabouts of said deposit-book and said plaintiff is informed and believes and therefore alleges that said deposit-book was lost by said deceased prior to his death and that accordingly said plaintiff is unable to comply with any demand or requirement of said defendant banking corporation for the return to it of said deposit-book." As to this latter allegation the answer of defendant contained no denial. The answer admitted that the defendant held a deposit to the credit of J. D. O'Neil in the sum of $448.80. It was then alleged that the depositor had agreed with the bank that the deposit should remain without withdrawal, except by mutual consent, for a term or period of six months, and that the contract should be evidenced in writing by a pass-book which was delivered to the depositor under an agreement that no payment should be made in any case unless the pass-book should be presented and the amount entered therein, and that the pass-book should be presented at the bank with every deposit made and check drawn; that a provision of the by-laws of the defendant corporation to which the said O'Neil assented was as follows: "At the final settlement of a deposit account, any pass-book relating thereto shall be returned to the corporation, to be placed there on file. In case any depositor shall lose his pass-book, or the same shall be destroyed or fraudulently abstracted, immediate notice thereof shall be given to the corporation, and after, First: notice of loss, destruction or fraudulent abstraction published once a week for four consecutive weeks in a daily newspaper published in the city of Los Angeles at the expense of the depositor, and Second: after the corporation shall have been properly indemnified and secured against all loss and liability to loss, a duplicate pass-book may be issued to the depositor." It was further al-

leged that printed in the pass-book was a clause, to which the depositor assented, in the following terms: "Depositors are alone responsible for the safe keeping of the book and the proper withdrawal of their money. No withdrawal will be allowed without the book and the book is the order for the withdrawal." It was denied that any notice of loss or destruction of the pass-book had been given to defendant. The court made up its findings determining the issues in favor of the plaintiff, and found that at the time of the making of the deposit there was in force and effect a by-law, a copy of which was printed in the pass-book issued to O'Neil, embodying the matter set out in the answer as first above quoted; also, that there was printed in the pass-book the clause last quoted above.

It is insisted, first, by the appellant that the finding respecting the loss of the pass-book was insufficient. We must bear in mind that no issue was raised as to the loss of the book by the answer, and therefore no finding as to that matter was necessary to be made. There was no demurrer to the complaint. However, we have examined the allegations of the complaint and think that the statement as to the loss of the pass-book was sufficient as an allegation of the fact, and that there was no inconsistency between the allegation as to plaintiff's lack of knowledge of the whereabouts of the book and his allegation as to its loss. A statute of this state provides that the public administrator, upon an order countersigned by a judge of the superior court, may withdraw, without notice, money of a decedent where the same may be required for the purposes of administration, "or otherwise." (Stats. 1909, p. 87, as amended in 1911; Stats. 1911, p. 1007.) Under the state of the case as presented by the record submitted, we do not think it necessary to here determine whether the acceptance of a pass-book by a depositor, with conditions printed therein but not expressly assented to by the words or signature of the depositor, binds the depositor to all of the conditions so printed in the book. For the purposes of this decision, we may assume that it does. What, then, is the legal situation presented? We have it admitted that the book was lost; hence it follows that if it has gotten into the hands of a third person, that third person, as a finder of it, would have no claim against the bank, and could not show any legal title to the book or the credit represented therein. The bank has made no claim that it has paid out any money

to any holder of the book other than the original depositor. With the knowledge that the book had been lost, any action of the bank in paying over money to the finder or holder of the book would be with the knowledge that the person presenting the same had no right thereto. It has been held in cases where the conditions stated in the book were phrased in such a way as to make a stronger case upon this contention in favor of the bank debtor, that such books were not negotiable. (*Allen* v. *Williamsburgh Sav. Bank*, 69 N. Y. 314.) Counsel for appellant are undoubtedly correct in saying that the contract requiring the production of the book at the time of withdrawal of money and that the bank would pay to the holder of the book money on deposit, is one which is binding upon the parties. In the case just cited, however, it is said: ''The book was not a negotiable instrument. Though such an evidence of a right may be assignable by delivery, the delivery must be accompanied with the intent to assign. That intent is not established by the possession of the book merely. An officer, in the exercise of ordinary care, would or should in such a case, ask for further evidence of right to demand payment. The natural and easy evidence to be given, would be the order of the depositor upon the bank, for the payment of money to the holder of the book. So, when an order is required, or is produced with the book without previous requirement it is a material thing, whether it be forged or not, and the paying agent of the bank is called upon to scrutinize, and compare and verify it.'' In addition to the case cited, there may be added reference to *Smith* v. *Brooklyn Sav. Bank*, 101 N. Y. 58, [54 Am. Rep. 653, 4 N. E. 123]; *Schoenwald* v. *Metropolitan Sav. Bank*, 57 N. Y. 418. In other words, that there is a duty in such cases always resting upon the bank to use ordinary care to ascertain that the pass-book is in the hands of a legal holder. The condition stated in the printed notice accompanying the pass-book as issued to O'Neil contemplated, where money was withdrawn, not only that the book should be presented, but that checks should be drawn; therefore, the plain understanding was that an order signed by the depositor, separate from the book, should be a prerequisite to the payment of the deposit. We are going somewhat afield in this last discussion, for, as has already been pointed out, in no event could the bank be made liable to a third person for the deposit of the money of O'Neil.

The book is admitted to have been lost and not to have been regularly transferred by the depositor. Assuming that whether threatened with possible liability or not, the bank might, as between itself and its depositor, insist upon a literal compliance with the conditions as to publication of notice of loss of the book and the furnishing of indemnity for the issuance of a new book, the same right, we apprehend, does not exist in the bank where the depositor has died and the money is required by the administrator. The statute referred to authorizes the public administrator to collect summarily, where his order is countersigned by a judge of the superior court, moneys on deposit with a savings bank, and we think this creates a special right which must be complied with upon the part of the bank, with the condition that a compliance with those provisions of the statute will not impose upon the bank a liability against which it is not provided to be indemnified. In so far as the statute might affect the latter result, it, of course, would be beyond the power of the legislature to enact. In the view we have taken of the matter, no liability will be cast upon the defendant by payment to plaintiff of the amount of the deposit.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.