[Sac. No. 4547. In Bank.—February 17, 1932.]

W. F. ORNBAUN, Administrator, etc., Respondent, v. FIRST NATIONAL BANK OF CLOVERDALE, Appellant.

Mannon & Brazier for Appellant.

J. W. Kingren for Respondent.

THE COURT.—This action was instituted by respondent as the public administrator of Mendocino County and as the administrator of the estate of one Mike Krnich to quiet title to and to recover possession of certain moneys admittedly on deposit with appellant to the credit of decedent at the time of his death. The trial court rendered judgment in favor of plaintiff, decreeing that the estate of Krnich was the owner of the money on deposit, and that the administrator was entitled to withdraw the same without producing the pass-book or without indemnifying the

bank. From said judgment the defendant prosecutes this appeal.

The action was submitted to the trial court on an agreed statement of facts. So far as pertinent here these facts disclose the following situation: That on August 21, 1926, the deceased opened a savings account with defendant bank, and received as evidence of his deposit a pass-book, and that from time to time he made deposits and withdrawals from this account, all of which were recorded in the pass-book; that on April 30, 1930, there was on deposit with defendant bank in the account the sum of $831.76; that at the time of making the initial deposit, and at all times since, the by-laws of the bank, to which deceased subscribed, have provided that the pass-book delivered to the depositor "shall be the voucher of the depositor"; that the bank may make payments to any person producing the pass-book; that no withdrawals shall be permitted unless the pass-book is produced, "provided, however, that if the depositor shall prove to the satisfaction of the officers of the bank that his passbook has been lost, stolen or destroyed, and shall furnish to the bank satisfactory indemnity against any claim which may at any time be made against the bank on account thereof, the officers of the bank may make payment to the depositor without the production of such book"; that "no assignment of any pass-book shall be valid or binding upon the bank until the bank shall have been notified thereof in writing . . . and notation of said assignment be made by the bank on the pass-book"; that when any deposit account shall be closed the pass-book shall be returned to the bank; that if the pass-book is lost or in any manner passes from the control of the depositor the bank should be at once notified of the fact in writing. The facts further disclose that the depositor died on April 30, 1930, and was then a resident of Mendocino County; that in due course plaintiff as public administrator of that county was duly and properly appointed administrator of the estate; that the administrator needs the moneys in the account for the purpose of defraying the costs of administration and paying funeral expenses; that the administrator has diligently and carefully searched for the pass-book, but has been unable to find the same; that neither the defendant nor the plaintiff has any knowledge as to whether an assign-

ment of the deposit was made by the depositor prior to his death; that the account is in the name of the deceased; that the bank has never been notified in writing or otherwise that in fact an assignment was made by the deceased; that the plaintiff has demanded, in proper form, that the total amount of the deposit with interest be paid to him; that said demand was countersigned by a judge of the superior court as provided by law; that the bank claims no interest in the deposit and is willing and has offered to pay the same to the administrator upon his production of the pass-book or upon the administrator indemnifying the bank against loss on account of said payment; that the administrator has not produced the book nor has he offered to so indemnify the bank.

■ Preliminarily it should be stated that there is no doubt that in a proper case the public administrator has the power to withdraw deposits of the nature of the one herein involved when such sums are needed to defray the costs of administration, and when the order of withdrawal is countersigned by a judge of the superior court. A statutory provision confers that right on a public administrator. (Stats. 1911, p. 1007, sec. 4.) It is agreed that the instant case is a proper one for the withdrawal of the deposit if the administrator is entitled to withdraw the same without production of the pass-book or without offering to indemnify the bank for any loss it may incur in permitting such withdrawal.

■ There is no dispute that the pass-book cannot be found, and that the deposit is now in the name of the deceased, and that the bank has never been notified of any assignment of the deposit. It is true that the depositor entered into a contract with the bank to indemnify the bank against any loss suffered by it in making payments to the depositor without production of the pass-book, but it is obvious that, reasonably interpreted, the indemnification agreement can only be applied to a situation where there is a possibility that the bank may suffer loss by reason of such payment. If the bank cannot possibly be injured by reason of such payment no indemnification can or should be required. (*Dollar* v. *International Banking Corp.*, 13 Cal. App. 331 [109 Pac. 499].)

■ Appellant contends that the deceased may have assigned the sum on deposit before his death, and that if such assignment did in fact take place then the assignee could recover from the bank. This is the only possible contingency suggested by counsel for appellant in which the bank could possibly suffer a loss by payment to the administrator without production of the pass-book. We are of the opinion that even if such assignment had in fact been made by the deceased, the assignee having failed to notify the bank thereof, would have no cause of action against the bank in the event it pays the amount of the deposit to the administrator. This conclusion necessarily follows as the result of the application to the facts of this case of several elementary rules applicable to the law of assignments.

■ In the first place it is clear that a bank deposit of the nature of the one here in dispute is a chose in action as defined by section 953 of the Civil Code. (*Dellepiane* v. *Hynes*, 83 Cal. App. 604 [257 Pac. 180].) The only way this chose in action could be transferred by the owner, by gift or otherwise, is by an assignment. ■ If the deceased had assigned the chose in action prior to his death to a third person, such assignee, in order to perfect his rights as against the debtor bank, must notify the debtor of the assignment. This is so because the debtor is entitled to set up against the assignee all set-offs and defenses it may have or acquire against the assignor until he is notified of the assignment. (Sec. 368, Code Civ. Proc.; sec. 1459, Civ. Code.) Stated in another way, the debtor may avail itself of any set-off or defense acquired before notice of the assignment. (3 Cal. Jur. 286, sec. 37.) It is a well-settled rule that payment by the debtor to the assignor before notice of the assignment is valid against the assignee. (5 Cor. Jur. 960, sec. 148.) Appellant does not challenge these well-settled rules, but seeks to avoid their application by the following reasoning. It is first pointed out that California has adopted the rule that the mere delivery of a savings bank pass-book with intent to pass title is sufficient to constitute an assignment by way of gift of the deposit. This is undoubtedly the rule in this state. (*Dellepiane* v. *Hynes, supra; Donovan* v. *Hibernia Sav. & Loan Soc.,* 90

Cal. App. 489 [265 Pac. 995].) ▮▮ Appellant next admits that in reference to the assignment of an ordinary non-negotiable chose in action, the assignee must give notice to the debtor in order to perfect his title against the debtor, but contends that such rule has no application to a chose in action in the nature of a bank deposit evidenced by a pass-book. While admitting that a bank pass-book is a non-negotiable instrument, appellant contends that by virtue of the by-laws of the bank, and by virtue of the nature of a savings bank pass-book, such non-negotiable instrument should be considered as *"quasi"* negotiable, and that the rule should be that an assignee of such an instrument does not have to give notice to the bank in order to perfect his title as against the bank. In this regard appellant emphasizes the by-law of the bank providing that the bank may pay the deposit to the person in possession of the pass-book. If we were to hold that this by-law operated so as to make a pass-book a negotiable instrument it would be necessary to hold that the parties can make a non-negotiable instrument negotiable by contract, and this they cannot do. (*American Nat. Bank* v. *A. G. Sommerville, Inc.*, 191 Cal. 364 [216 Pac. 376].) Neither reason nor authority supports appellant in its contention that the rules applicable to negotiable instruments should be extended to apply to instruments such as savings bank pass-books. A case very similar to the one at bar is *Vincent* v. *Port Huron Sav. Bank*, 147 Mich. 437 [111 N. W. 90]. In that case the administrator could not produce the pass-book, nor would he indemnify the bank. By statute and by rule of the bank no deposit could be withdrawn without production of the pass-book. The court held that where the pass-book has been lost or cannot be found the administrator may recover the money without offering to indemnify the bank, for the reason that the bank could not possibly be injured by such payment. At page 91 the court stated: "The facts that the depositor is dead, that the demand is made by a duly qualified administrator of the depositor's estate, that the passbook is not negotiable, that no other demand is made, that several months have intervened the death and the demand, and, last but not least, that, so far as discharging the debt is concerned,

payment to the depositor with no notice of an assignment of the debt, would protect the bank, are all of them facts to be used in testing the sufficiency of the excuse made." In discussing a rule of the bank to the effect that the bank may pay to the person producing the pass-book the court stated: "No assignee of the fund, with notice of the rule, has the right to rely upon it absolutely, and to say he purchased the debt and took the book assuming that no one but the holder of the book could obtain the deposit. See *Ackenhausen* v. *People's Sav. Bank*, 110 Mich. 175 [64 Am. St. Rep. 338, 33 L. R. A. 408, 68 N. W. 118]; *Mahon* v. *South Brooklyn Sav. Inst.*, 175 N. Y. 69 [96 Am. St. Rep. 603, 67 N. E. 118]. If he has not this right, he is relegated to the position of the assignee of a chose in action which the debtor pays, before notice of the assignment, to the creditor." (See, also, *Bryson* v. *Security Trust etc. Bank*, 29 Cal. App. 596 [156 Pac. 987].) We are, therefore, of the opinion that a savings bank pass-book is a non-negotiable instrument, governed by the same rules applicable to non-negotiable instruments generally.

██ Since it is admitted that the deposit is in the name of deceased, and since it is admitted that no notice of any assignment has been directly or indirectly received by the bank, it necessarily follows, under the rules already discussed, that payment to the administrator, and a receipt given by him, will completely release the bank from liability. The appellant cannot suffer loss by making such payment and is therefore not entitled to be indemnified against a liability which cannot possibly exist.

The judgment is affirmed.