[L. A. No. 13939.   In Bank.—June 28, 1933.]

CORNELLA FISHBACK et al., Respondents, v. THE J. C. FORKNER FIG GARDENS INC. et al., Appellants.

Everts, Ewing, Wild & Everts, C. L. Clark, L. N. Barber and James T. Barstow for Appellants.

C. V. Caldwell and G. L. Aynesworth for Respondents.

THOMPSON, J.—This appeal is from a decree of foreclosure of a mortgage and sale of the mortgaged premises and for a deficiency judgment and is taken on the judgment-roll alone.   The note, secured by a mortgage on land in California, was the property of one Horace Fishback, now deceased, who was at the time of his death a resident of South Dakota.   Administration was had in South Dakota in a court of general probate jurisdiction, and the note and

mortgage were distributed to the plaintiffs as the heirs-at-law of the decedent.

Appellants contend that the complaint in the foreclosure suit did not contain facts sufficient to constitute a cause of action, in that it did not allege any administration of the estate in California; that the situs of the property being in California, in order to maintain the action the heirs must have acquired title to the note and mortgage through administration in a California court.

Appellants rely almost entirely on the case of *Murphy* v. *Crouse*, 135 Cal. 14 [66 Pac. 971, 87 Am. St. Rep. 90], which holds that stock in a California corporation has its situs in this state for the purposes of administration where ancillary letters had previously been issued in this state. That case involved a controversy between the local ancillary administrator and the purchaser from the domiciliary executor. In the case at bar it does not appear that any ancillary administration was ever commenced, nor are we here concerned with the rights of California creditors. ■
In the absence of ancillary administration, the California courts will recognize, as a matter of comity, the title vested in the plaintiffs by the decree of distribution rendered by the South Dakota probate court.

The case of *Murphy* v. *Crouse, supra,* is not in point for a further reason. ■ That case represents, with regard to intangibles, the sole exception from the rule of *mobilia sequuntur personam,* which is recognized in this jurisdiction, that is, certificates of stock in a domestic corporation. (*Chambers* v. *Mumford,* 187 Cal. 228 [201 Pac. 588, 42 A. L. R. 342].) With respect to other choses in action the California courts have repeatedly held that the situs of the debt is that of its owner and that it is not property in the state of the debtor. (*Chambers* v. *Mumford, supra,* and cases therein cited.) See, also, *Estate of Layton,* 217 Cal. 451 [19 Pac. (2d) 793].

The judgment is affirmed.

Seawell, J., Curtis, J., Preston, J., Shenk, J., Langdon, J., and Waste, C. J., concurred.