## WADE v. SECURITY SAVINGS & COMMERCIAL BANK.

### No. 7151.

United States Court of Appeals for the District of Columbia.

Argued June 15, 1938.

Decided Sept. 26, 1938.

---

Harlan Wood, of Washington, D. C., for appellant.

Julius I. Peyser, Aaron W. Jacobson, and Philip S. Peyser, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

Appellant, who was plaintiff below, brought this action against the bank (appellee) to recover $2943, with interest. The declaration alleges that one James Watkins in his lifetime had on deposit $2943 in a savings account in the defendant bank; that the deposit was evidenced by a pass book issued to Watkins in accordance with the bank's rules and regulations for savings accounts; that the rules, which were printed in the pass book, required that the book be brought to the bank whenever a deposit was made or money withdrawn; and that an entry of the transaction should then be made on the book; that possession of the book should be sufficient evidence of ownership to authorize the payment of the amount on deposit and that no money should be paid out of the deposit except to the person having the legal right thereto and who at the time of the withdrawal was in possession of the book. The declaration further alleges that Watkins on December 13, 1937, gave the money in the bank to appellant and delivered the pass book to her; that Watkins died on December 15, 1937, and that on February 1, 1938, appellant, accompanied by her attorney, presented the pass book to the bank and demanded payment of the account, but that the bank refused payment because it had previously paid the whole of the deposit to the administratrix of Watkins' estate. The bank demurred to the declaration, and the trial court sustained the demurrer. Upon plaintiff's declining to plead further, final judgment was entered and this appeal taken.

Appellant insists that the controlling question on this appeal is: was there a valid gift of the savings account by the deceased to the plaintiff? But we think the question is whether the bank, without notice of the gift, had the right to transfer the account to the administratrix on her producing letters of administration. Viewed in this light, we think the answer made by the lower court is correct. In this jurisdiction an administrator is vested by law with the right to possession of all the money, goods, chattels, rights, and credits of the deceased. Under the authority of her appointment, therefore, the administratrix here had not only the right but the duty to demand and receive possession of the whole personal estate of the decedent, and such right, of course, included the right to withdraw bank deposits standing in the name of the deceased. Appellant does not question this general proposition, but says that under the rules of the bank, which became a contract between the depositor and the bank, the deposit could not be withdrawn except upon production of the pass book, and consequently, when the bank paid the deposit to the administratrix without production of the book, it rendered itself liable to the assignee and holder thereof. In other words, appellant's position is that if the deceased assigned the sum on deposit to her prior to his death by delivery to her of the pass book, the deceased had no further interest in the fund, and the bank in paying it out made itself liable to the holder of the book. But we think this position overlooks the legal nature of a savings bank pass book which, so far as we know, is universally held to be a nonnegotiable in-

strument. The transfer was therefore an assignment and subject to the general rules governing such transactions, including the necessity of notice to the debtor to protect the assignee against payment to the assignor or one standing in his right. In Ornbaun v. First Nat. Bank of Cloverdale, 215 Cal. 72, 8 P.2d 470, 81 A.L.R. 1146, it was held that, if the deposit were paid to the assignor's administrator prior to any notice of the assignment of the fund, the payment would completely release the bank from liability. In our opinion this is correct. There can be no doubt, we think, that the relation between Watkins and the bank was that of debtor and creditor and that the issuance of the pass book was a mere matter of convenience—in effect nothing more than a statement of the accounts between them. Watkins, of course, had the right to sell the account or give it away, and it may very well be that the delivery of the book by him to the appellant with the intent that it should carry with it the right to demand and receive the deposit was a valid assignment of the fund. But in such case notice of the assignment was necessary to protect appellant from payment to the assignor or his representative. First State Bank v. Pure Van Pipe Line Co., 5 Cir., 77 F.2d 820. And so we think there can be no doubt that the rule stated in Ornbaun v. First Nat. Bank of Cloverdale, supra, is applicable, and the administratrix upon her appointment and qualification was entitled to demand and receive the deposit from the bank. Appellant's position is that of the holder by assignment of a debt which the debtor, without notice of the assignment, has paid to or on the order of the creditor. And in that case the debtor who pays the later assignee is not liable to an earlier one who failed to give him notice. Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 194, 44 S. Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867. The declaration discloses previous payment by the bank to the administratrix. The bank, therefore, is not liable to this plaintiff unless it had received notice of the assignment prior to or at the time of payment, and it was admitted in the argument that no notice prior to the demand was ever given.

Our conclusion, therefore, is that the action of the bank in making payment to the administratrix without knowledge of the transfer by gift of the deposit to appellant operated as a discharge of its indebtedness. We decide nothing as between appellant and the administratrix, who is not a party to this action.

See on the subject generally: Vincent v. Port Huron Savings Bank, 147 Mich. 437, 111 N.W. 90; Maas v. German Savings Bank, 176 N.Y. 377, 68 N.E. 658, 98 Am.St.Rep. 689; McCaskill v. Connecticut Savings Bank, 60 Conn. 300, 22 A. 568, 13 L.R.A. 737, 25 Am.St.Rep. 323; Witte v. Vincenot, 43 Cal. 325; Brooks v. Erie County Savings Bank, 169 App.Div. 73, 154 N.Y.S. 692, affirmed, 224 N.Y. 639, 121 N. E. 857; Lang Engineering Co. v. Commonwealth, 231 Mass. 367, 120 N.E. 843;—all of which are cases bearing on the point discussed.

Affirmed without prejudice.