### DIX v. BANK OF CALIFORNIA NAT. ASS'N.

### PINEDA et al. v. DIX et al.

#### No. 28793–G.

United States District Court
N. D. California, S. D.
May 15, 1952.

Bacigalupi, Elkus & Salinger, San Francisco, Cal., for plaintiff.

Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant.

Victor E. Cappa, San Francisco, Cal., for cross-complainant.

MURPHY, District Judge.

This case involves right to possession of $6,727.78 formerly on deposit with the Bank of California, defendant, and by it placed in custody of this Court pending determination of the respective claimants' rights. It has been stipulated by all the parties hereto that upon final determination of the case, judgment shall be rendered in favor of the Bank for the sum of $300, leaving only the balance in dispute between plaintiff and intervener.

Plaintiff is a citizen of New York. His claim is based upon an assignment of the fund to him on December 31, 1947, by one Francisco Siercke. Siercke, the assignor, is a German national who, at all times material to this action, was and is a resident of Honduras. The cross-complainant, Ismael Pineda, is Fiscal Interventor for the Republic of Honduras, appointed in that country to act as a receiver or administrator for the properties of said German national.

The parties have stipulated as to the facts and the foreign law, although they disagree as to the applicability and interpretation of the latter.

The funds in issue proceeded from the sale of coffee shipped from Siercke's Honduras plantations to California. The import was licensed by the United States Government under the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 1 et seq., with the provision that the proceeds therefrom be deposited in defendant Bank in a blocked commercial account designated "Empresa Nacional de Transportes, S.A., Tegucigalpa, Honduras, account Francisco Siercke". The named transportation company was the sole export agency licensed by the government of Honduras for the transportation of coffee owned by enemy nationals, and it was required by law to turn over net proceeds of sale to the government. The United States unblocked this account June 30, 1946.

The Honduras law consists generally of a series of decrees and executive orders in the nature of our Trading with the Enemy Act, and having as a purpose the control and blocking of all assets belonging to resident enemy nationals. There is no dispute that these measures are still in effect, and that insofar as they purport to place Siercke's Honduras assets, at least, in the control of the cross-complainant (hereafter referred to as "the government") they are presently binding.

Any conflicts of law question is inevitably attended by considerable doubt. We have been referred to no controlling case and so, of necessity, must choose from the conflicting rules the one which we feel to be most consonant with a fair and harmonious result.

■■■ First, it is clear that the bank deposit created a creditor-debtor relationship between depositor and bank. City and County of San Francisco v. Mackey, C.C., 22 F. 602; Ornbaun v. First National Bank of Cloverdale, 215 Cal. 72, 8 P.2d 470, 81 A.L.R. 1146. Transferability of rights under such a contract must be determined by the lex loci contractu. Rest. of Conflicts, Sec. 348; 26 C.L.R. 96. California is the place where the contract was made and under its law the chose in action is assignable, Cal.Civil Code, Secs. 953, 954; Winchester v. Howard, 136 Cal. 432, 64 P. 692, 69 P. 77.

■■■ Second, both under the California conflicts of law rule and the weight of authority essential validity of the assignment must be determined by the law of the place where the assignment took place. Stumberg, Conflicts of Law, p. 231; Goodrich, Conflicts of Law, 3rd ed., pp. 495 et seq.; Fenton v. Edwards & Johnson, 126 Cal. 43, 58 P. 320, 46 L.R.A. 832. Furthermore, the assignor's capacity is generally determined by the law of his domicile—at least where, as here, domicile and place of assignment correspond. Since the assignment was executed in Honduras, and since by that law a resident German national was prohibited from transferring his assets and any such attempted transfer was invalid, the purported assignment was ineffective to invest plaintiff with any rights enforceable in this action. Honduran Decrees No. 9 et seq. [Stip.]; Republica de Guatemala v. Munez, 1 K.B. 669; 43 T.L. R. 187.

■■■ Under alternative theories the cross-complainant has a right to this fund: (1) Either the right of the government to possession of the coffee and consequential custody of the purchase price obtained immediately upon promulgation of Decree No. 9 and Executive Order No. 655; or (2) applying the concept of mobilia sequuntur personam the situs of the chose in action, arising at time of deposit, was Honduras and fell within Siercke's assets for purposes of administration by the Fiscal Interventor. Fishback v. J. C. Forkner Fig Gardens, Inc., 218 Cal. 401, 23 P.2d 293; Chambers v. Mumford, 187 Cal. 228, 201 P. 588, 42 A.L.R. 342; Cal.Civil Code, Sec. 946.

Finally, there is yet another ground, more or less the converse of "(1)" in the preceding paragraph, which is sufficient for the determination of this case. Plaintiff-assignee can assert no rights greater than his assignor's. As between the government and Siercke the government had the right to "absolute control of the receipts from the sale of the products." Sec. 17, Decree No. 9.

■■■ If the assignor were here contesting the government's claim he could not prevail unless this Court were willing to ignore the fiat of an allied nation promulgated in furtherance of a common cause and policy. This we will not do. Although the law of Honduras does not ex proprio vigore extend beyond its own territory the Courts of this jurisdiction will recognize and respect it whenever it intimately concerns the right asserted, and is not gravely repugnant to the public policy of the forum.

It is the decision of this Court that cross-complainant, Fiscal Interventor, is entitled to the possession of these funds pending the enactment of legislation providing for disposition of any remaining balance. Title remains in the German national Siercke; the decrees provide for fiscal control only, not for confiscation or divestiture of legal title. What eventual rights plaintiff may assert as between himself and the assignor we are not called upon to decide.

Judgment will be entered for cross-complainant in the sum of $6,427.78 and, pursuant to stipulation, in favor of defendant Bank of California in the amount of $300.

This memorandum opinion shall constitute the Court's findings of fact and conclusions of law.