**UNITED STATES of America,**
**Judgment-Creditor,**

v.

**Angelo BUIA, Judgment-Debtor.**

United States District Court
S. D. New York.

Sept. 19, 1956.

Paul W. Williams, U. S. Atty., for the Southern Dist. of New York, New York City, for judgment-creditor, Edwin J. Wesely, Asst. U. S. Atty., New York City, of counsel.

Cadwalader, Wickersham & Taft, New York City, for The Bowery Savings Bank, Richard W. Hagan, New York City, of counsel.

LEVET, District Judge.

This is a motion by the United States of America as judgment-creditor for an order directing The Bowery Savings Bank to pay to the United States of America the sum of $383.80 on account of the indebtedness of the said bank to Angelo Buia, the judgment-debtor above named, in partial satisfaction of a judgment of $4,000 recovered by said judgment-creditor against the said Angelo Buia in this Court.

Buia, the judgment-debtor, pleaded guilty to an indictment charging unlaw-ful possession of narcotics and was sentenced in this Court to a term of imprisonment and fined in the amount of $4,000.

The Bowery Savings Bank, under a third-party subpoena, answering in writing, showed that on its books and records there existed an account in the name of Angelo Buia in the balance of $383.80. Notice of this application has been given to the bank, to Buia, to his attorney, and to Mrs. Mary Buia. The bank opposes this application upon the principal ground that the creditor does not present the passbook and that the payment to this creditor may subject the bank to double liability through suit by a possible assignee. However, the bank concedes that it has received no notice of assignment.

Section 3565 of Title 18 U.S.C.A., provides as follows:

"In all criminal cases in which judgment or sentence is rendered, imposing the payment of a fine or penalty, whether alone or with any other kind of punishment, such judgment, so far as the fine or penalty is concerned, may be enforced by execution against the property of the defendant in like manner as judgments in civil cases. * * * "

Rule 69(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. is as follows:

"Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may examine any

person, including the judgment debtor, in the manner provided in these rules for taking depositions or in the manner provided by the practice of the state in which the district court is held."

Here the United States seeks an enforcement of a fine levied for violation of a criminal statute. The bank fears liability to a third party, assignee of the depositor, if it pays under these circumstances even to the United States of America because its rules and regulations, adopted pursuant to Section 238(3) of the New York Banking Law, McK. Consol.Laws, c. 2, reserve to it the right to require a surety company bond in an amount not exceeding double the amount involved as a condition for making any payment from the depositor's account without production of the passbook.

Section 238(3) of the Banking Law of New York is as follows:

"Except as provided in subdivisions four and five of this section, a savings bank shall not pay, nor shall a depositor, his assignee nor anyone claiming through a depositor, be entitled to receive any dividend or deposit, or portion of a deposit, unless the passbook of the depositor be produced and the proper entry be made therein at the time of the payment. The board of trustees, however, may provide in the by-laws for making payments in cases of loss of passbook, or other exceptional cases where the passbooks cannot be produced without serious inconvenience to depositors. The right to make such exceptional payments shall cease when the superintendent shall so direct, upon his being satisfied that such right is being improperly exercised. *Payments, however, may be made upon the judgment or order of a court.* When authorized by the depositor, or, in the case of a joint account, by both depositors, a savings bank may charge the account of such depositor or depositors for any sums due the insurance department of such savings bank, or due the insurance department of any other savings bank for which it is agent, without requiring the production of the passbook for the recording of the charge therein." (Emphasis supplied.)

The Bowery Savings Bank contends that the government must either produce the passbook of the depositor or provide a bond for double the amount involved, as authorized by the rules and regulations of the bank. The bank relies upon Mitchell v. Home Savings Bank, 38 Hun, N.Y., 255; Krupp v. Franklin Savings Bank, 255 App.Div. 15, 5 N.Y.S.2d 365; Elvira Apartments, Inc., v. Kidd, 259 App.Div. 874, 20 N.Y.S.2d 661; Yonkers-Cameo, Inc., v. Liossatos, 262 App.Div. 996, 30 N.Y.S.2d 818.

However, it appears that Myers v. Albany Savings Bank, 270 App.Div. 466, 60 N.Y.S.2d 477, affirmed 296 N.Y. 562, 68 N.E.2d 866, reargument denied 296 N.Y. 636, 69 N.E.2d 484, is indicative of the basic principles applicable. (It may be noted that The Bowery Savings Bank appeared as amicus curiae in this case.) Judge Foster pointed out (270 App.Div. at page 470, 60 N.Y.S.2d at page 480) that an assignee is put upon notice by the very terms of the by-laws printed in the passbook, that a new passbook may be issued under certain circumstances and that the assignee may not ignore Section 238 of the Banking Law, which provides in part that payments may be made upon the judgment or order of the court. The Court also said:

" * * * The primary purpose, and indeed the only reasonable purpose of a bank's by-law requiring a bond or indemnification in the case of a lost passbook is to protect itself against the claim of an assignee in good faith. However in Heermans v. Ellsworth, 64 N.Y. 159, it was held to be the 'duty of an assignee of a nonnegotiable chose in action, in order to protect himself against a pay-

**480**

ment by the debtor to the original creditor, to notify the former of the assignment; and in an action upon the demand where such a payment is established, the burden of proving notice prior to payment is upon the plaintiff.' So far as we know this rule has never been repudiated or modified except in the case of instruments subject to the Recording Acts. We see no reason why it should not be applied to the passbook of a savings bank, which fundamentally is nothing more or less than a nonnegotiable chose in action. If this view is correct the bank runs little or no risk in paying a depositor when it is shown that a passbook has been lost and notice of an assignment has not been given within a reasonable time." 270 App.Div. at pages 469–470, 60 N.Y.S.2d at page 480.

The same position has been taken by the United States Court of Appeals for the Second Circuit in United States v. Manufacturers Trust Co., 2 Cir., 1952, 198 F. 2d 366. A like conclusion was reached by the United States Court of Appeals for the District of Columbia in Wade v. Security Savings & Commercial Bank, 1938, 69 App.D.C. 226, 99 F.2d 995.

By reason of the premises above mentioned, Section 794(3) of the New York Civil Practice Act must be noted. This provision is as follows:

> "A payment thus made under either an order permitting such payment or directing it, is, to the extent thereof, a discharge of the indebtedness, except as against a transferee from the judgment debtor in good faith and for a valuable consideration of whose rights the *third party* had actual or constructive notice *prior to the entry of the order*."

Under the circumstances, this motion is granted. It is my opinion that the United States Government should not be required to file a bond.

Settle order on notice.